Sophie Wemple et al., complainants-respondents,

*v.*

B. F. Goodrich Company, defendant-appellant.

[Argued February 13th, 1940. Decided April 25th, 1940]

*Messrs. Milberg & Milberg,* for the complainants-respondents.

*Messrs. Insley, Decker & Cross,* for the defendant-appellant.

The opinion of the court was delivered by

WELLS, J.

This is an appeal from a decree of the Court of Chancery entered on November 14th, 1939. The original suit was instituted in that court on or about February 4th, 1938, for the specific performance of an agreement bearing date December 20th, 1935, calling for the transfer of certain judgments for a sum certain to be paid as specified. Relief was granted by the Court of Chancery and a decree entered March 16th, 1939, to that effect. However, on appeal to this court it was held that equity had no jurisdiction inasmuch as the case was triable at law and accordingly the decree was reversed. See *126 N. J. Eq. 220.*

. The *remittitur* provided "that the final decree of the Court of Chancery filed in this cause on March 16th, 1939, from which the appellant appealed, be and the same is hereby reversed, set aside and for nothing holden, with costs, to the end that the bill of complaint filed herein may be dismissed." The *remittitur*, after providing that the respondents should pay the costs of appeal, further ordered "that the record of this cause be remitted to the Court of Chancery for further proceedings thereon according to law and practice of that court."

On motion of the defendant a decree was entered on October 23d, 1939, dismissing the bill of complaint and allowing a counsel fee of $500 to the defendant. At the same time, complainants' petition for a transfer of the cause to a court of law was denied. However, on November 14th, 1939, on motion of the complainants, the Court of Chancery vacated and set aside the decree of October 23d, 1939, and transferred the cause to the Hudson County Circuit Court. In both its decree of October 23d and that of November 14th it was ordered that the decree of the Court of Errors and Appeals "be and the same is hereby made the decree of the Court of Chancery." It is from the decree of November 14th, 1939, that the defendant appeals.

The real issue raised by this appeal is to determine which decree of the Court of Chancery properly carried out the *remittitur*. Was the decree of November 14th, 1939, within the scope of the *remittitur*? This the defendant (appellant in this court) would have us answer in the negative.

It is well settled that a lower court must carry out explicitly the terms and provisions of the *remittitur* sent down to it by the appellate court. *Lincoln Materials Co.* v. *John R. Blair Co., 109 N. J. Eq. 159.* This is so even though the *remittitur* may be erroneous on its face. *Tuttle* v. *Gilmore, 42 N. J. Eq. 369.* The remedy, if any, is by application to the appellate court to correct its *remittitur*. *Whitfield* v. *Kern, 125 N. J. Eq. 511.*

We are of the opinion that the action of the Court of Chancery in transferring the cause of action to the court of law upon motion of the complainants was within the scope

of the *remittitur* and that it was the duty of that court to so order.

The *remittitur* sent down to the Court of Chancery from this court on September 22d, 1939, provided that the decree of March 16th, 1939, granting specific performance be reversed with costs "to the end that the bill of complaint filed herein may be dismissed." It did not provide that the bill of complaint filed herein "be dismissed." The word "may" is a permissive word, not mandatory.

As was pointed out by Mr. Justice Parker, speaking for this court in *McDonald* v. *Freeholders of Hudson, 99 N. J. Law 170:*

"Taken in its ordinary colloquial sense, the word 'may' implies no mandate, but in certain classes of cases, especially where the public interest and rights are concerned, and where the public or third persons have a claim *de jure* that the right shall be exercised, it is construed as mandatory."

See, also, *Friend* v. *Scottish Union, &c., Insurance Co. (Supreme Court, 1926), 103 N. J. Law 290; Taffey* v. *New Jersey State Firemen Association (Supreme Court, 1937), 118 N. J. Law 352.* The permissive nature of this word as here used is brought out by a consideration of the last clause of the *remittitur,* especially as read in light of the opinion filed in the Court of Errors and Appeals by Mr. Justice Bodine. This last clause provided "that the record of this cause be remitted to the Court of Chancery for further proceedings thereon according to law and the practice of that court." Now this clause would have been unnecessary, mere surplusage, if the contention of the defendant were true that the phrase "may be dismissed" is mandatory and left no alternative to the lower court but to dismiss the bill. Its permissive nature is also emphasized especially in a Court of Chancery, by reason of the fact that Chancery rule No. 1 provides: "The word 'may' as used in these rules, is not mandatory."

It is quite clear that the *remittitur* gave the lower court the right to either dismiss the bill (assuming the complainants did not seek a transfer) or proceed "according to law and the practice of that court." Now this expression "according to

law and the practice of that court" can have but one meaning under the circumstances. Mr. Justice Bodine in his opinion pointed out that this cause was properly triable in a court of law and equitable relief should have been withheld. By virtue of the last paragraph of the *remittitur* to proceed "according to law and the practice of that court" we can assume that this court had in mind the pertinent statutes, including those sections of the Transfer of Causes act which provides:

"No cause or matter pending in the court of chancery, supreme court, a circuit court, a court of common pleas, district court, a court of oyer and terminer, a court of quarter sessions or a court of special sessions shall be dismissed solely on the ground that such court is without jurisdiction of the subject-matter, either in the original suit or on appeal, but the cause or matter shall be transferred, with the record thereof and all the papers filed in the cause, to the proper court for hearing and determination. The record shall, when necessary, include a transcript of all entries and proceedings in the cause." *R. S. 2:26-60.*

"The court of chancery shall make rules for transfers of causes from that court. Rules for transfers of causes from other courts enumerated in section *2:26-60* of this title shall be made by the supreme court. *Rules for transfers of causes after decision on appeal in causes which should have been previously transferred shall be made by the court of chancery and the supreme court respectively."* *R. S. 2:26-64.* (Italics mine.)

A *remittitur* in a case such as this which did not give the lower court the right to proceed "according to *law* and the practice of that court," *i. e.,* the pertinent statutes, would run contrary to the mandate of these statutes. It should not be said that this court made such an order. If there is any ambiguity whatsoever as to the scope of this *remittitur* it should be resolved in favor of an awareness of and compliance with these statutes by our court.

Assuming that the decree of *remittitur* did include the power to transfer the cause to a court of law, the defendant argues that the Court of Chancery no longer had such a power after dismissing the bill of complaint in its decree of October 23d, 1939. The defendant contends that at the time of the decree of November 14th, 1939, no cause was "pending" in the Court of Chancery and it was not within the power of that court to reopen this cause.

It is well settled that the Court of Chancery has the discretionary right to correct, amend, modify or set aside a decree erroneously entered at any time prior to the expiration of the period for appeal. *Morris* v. *Glaser, 106 N. J. Eq. 585; affirmed, 110 N. J. Eq. 661.* This is normally done by opening or vacating the erroneous decree and entering a corrected or new decree if necessary. Once the erroneous decree is opened or vacated the cause again becomes "pending" before the court for final disposition. In the instant case, the Court of Chancery was convinced that the decree of October 23d, 1939, had not properly interpreted the *remittitur*. To correct its decree, it vacated its earlier order and made a new decree in conformity to its newer interpretation of the meaning of the *remittitur*. At the time the order for transfer was made, the cause was again pending in the Court of Chancery. We can not say that the Court of Chancery abused its discretion in vacating its decree of October 23d, 1939, so as to conform to our *remittitur*.

This is not a case where the Court of Chancery attempted to modify its decree after an appeal had been taken and was still pending in this court. It is clear that the Court of Chancery would have no power or right to usurp the prerogative of this court. Rather it represents the effort by that court to correct its decree in accordance with the *remittitur* after the cause had been remanded to it. Jurisdiction having been restored to it, it had the right and duty to dispose of the cause in accordance with the terms of the *remittitur*.

The defendant contends that a transfer cannot be made under the statute unless the court making it is without jurisdiction of the subject-matter of the suit. The defendant points out that the courts of equity have general jurisdiction to render decrees of specific performance and that this suit was for the specific performance of a contract to convey personal property. The answer to this argument is that Mr. Justice Bodine, speaking for this court on the first appeal specifically pointed out that "Such a contract, if breached, called for money damages only and is *not within the jurisdiction of a court of equity to specifically perform.*" (Italics mine.)

The defendant further contends that the complainants had waived their right to have the cause transferred; that having been warned by the defendant's answer that there was an adequate remedy at law available to them, the complainants should have either asked for an immmediate transfer or amended their prayers for relief and added a prayer for a transfer as alternative relief. The complainants doubtlessly believed that the relief which they sought was properly cognizable by equity. The vice-chancellor also thought so and granted relief. Not until the case reached this court on appeal were they informed to the contrary. Both the complainants and defendant knew or should have known of the alternative relief granted under the Transfer of Causes act. This act was enacted to protect the disappointed suitor who might suffer real harm if his cause of action was now barred by the statute of limitations or if he could no longer make personal service upon the other party. There is no more reason to require that such statutory relief be set forth in the pleadings than to require that the right of appeal be specifically reserved. In any case, the defendant cannot be heard to complain for he cannot show where he has acted in reliance thereon to his detriment, inasmuch as he is presumed to know of the existence of this statutory relief.

Defendant further urges as a ground for reversal that it has been deprived of its costs. This is not so. The decree under appeal ordered that the decree of *remittitur* of the Court of Errors and Appeals be made a part of the decree of the Court of Chancery. Thus the provision of the *remittitur* awarding costs of the appeal to the defendant became part of the decree of the Court of Chancery. Since the defendant was the party which finally prevailed in the Court of Chancery, it can likewise apply to that court for taxed costs therein.

The decree of the Court of Chancery appealed from is affirmed.

*For affirmance*—BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, RAFFERTY, HAGUE, JJ.   8.

*For reversal*—THE CHIEF-JUSTICE, CASE, DONGES, WOLFS-KEIL, JJ.   4.