FIRST CHURCH OF CHRIST, SCIENTIST. NEWARK, NEW JERSEY, A CORPORATION, PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, NEW JERSEY, DEFENDANT.

Argued October 7, 1941—Decided November 13, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Alexander T. Schenck* and *Robert W. Kirkman.*

For the defendant, *Raymond Schroeder* and *Philip J. Schotland.*

BODINE, J.  Prosecutor is the owner of a lot of land situate at 332-334 Clinton Avenue, Newark.  The property has a frontage of 47.75 feet on Clinton Avenue and a depth along Hillside Avenue of 130 feet.  It has been vacant for about fourteen years and is not salable for any purpose other than a gasoline station and lubritorium for which a permit was refused by the Newark Board of Adjustment.  Prosecutor's property is at the southeast corner of Clinton and Hillside Avenues.  On the southwest corner are stores of the sort often built to secure a revenue sufficient to pay taxes.  A number of stores exist across Clinton Avenue to the east of the property.  Several apartment houses are in the rear.  Two blocks west is an elaborate Esso station.  It is not necessary to elaborate.  The neighborhood has changed.  The property surrounding prosecutor's land is put to any use that comes to hand—small stores, apartments, gas stations, hot dog stands, to mention a few of the uses not consistent with single family dwellings.

Mr. R. G. Schwebemeyer testified: "Over a period of the duration of our agency agreement, about six years, we have consistently and actively offered the property for sale, and during all of that time have had no interest whatever displayed except for a gas station, and, in one instant, I believe, a tire retreading establishment."

Another witness describing the neighborhood said: "The old one-family houses in the district have been pretty much converted to rooming houses. A great majority of them have been so converted. But the other houses have taken on the semblance of retail stores. They built in windows and display merchandise in the windows of one-family houses. So I don't think anyone would be interested in constructing a one-family house and living there. As an apartment house I don't think the district is at all suited for apartment units. Rentals wouldn't justify apartment construction."

The Newark zoning ordinance excludes gasoline stations throughout the city. That they have not been so excluded has been commented upon before. It is not the function of a zoning ordinance to exclude any legitimate use from all property in the city.

The constitutional amendment article IV, section 6, paragraph 5, authorizing zoning limited the ordinance to those: "* * * limiting and restricting to specified districts and regulating therein, buildings and structures, according to their construction, and the nature and extent of their use."

The statute (*N. J. S. A.* 40:55-30) follows the constitution. The ordinance prohibiting gasoline stations throughout the city was without any reference to districts and was unlawful and will be set aside. The permit should issue because the proofs established that the proposed use was in no respect detrimental to the surrounding neighborhood.

The action of the board will be reversed.