VINCENZO IANNELLA AND FRANK S. RUSSO, PROSECUTORS, v. ARVID JOHNSON, RECORDER OF THE TOWNSHIP OF PISCATAWAY, AND TOWNSHIP OF PISCATAWAY, A MUNICIPAL CORPORATION, RESPONDENTS.

Submitted October 7, 1947—Decided February 2, 1948.

Before Justices DONGES and EASTWOOD.

For the prosecutors, *Edward J. Santoro* (*John T. Keefe*, of counsel).

For the respondents, *Maurice M. Bernstein*.

The opinion of the court was delivered by

EASTWOOD, J.  Prosecutors seek, through the medium of a writ of *certiorari*, to review the legality and validity of certain summary proceedings conducted before the respondent Arvid Johnson, Recorder of the Township of Piscataway,

wherein they were convicted on or about October 8th, 1946, of violating a zoning ordinance of the Township of Piscataway. In the proceedings before the Recorder prosecutors were charged with operating a slaughter-house and the slaughter of animals thereon, on September 21st, 1946, contrary to the provisions of section 9 of said ordinance, which prohibits throughout the entire township limits the operation of a slaughter-house and the slaughter of animals. A brief recital of the circumstances prior to prosecutors' conviction may serve to clarify the factual situation.

In 1937, the Township of Piscataway adopted a zoning ordinance which, among other things by section 9 thereof, prohibited the use of any building or lot for the slaughter of animals in the entire township. In 1943, the Township Board of Adjustment granted to one Geschwind, the then owner of the slaughter-house in question, a temporary extension of his permit to conduct the slaughter-house. The extension granted to Geschwind was conditioned until the cessation of the hostilities of the war then in progress and three months thereafter. In March, 1946, the slaughter-house business and the land on which the building was erected were sold by Geschwind to the prosecutors. They in turn applied to the Board of Adjustment for an extension of the permit to continue the slaughter-house business. This application was denied on or about August 1st, 1946. Despite the failure of the prosecutors to secure a permit from the Board of Adjustment they nevertheless continued the operation of the slaughter-house. The township thereupon instituted proceedings in the Recorder's Court, as the result of which prosecutors were convicted and fined $25 each. An application was then presented to Supreme Court Justice Frederic R. Colie for a writ of *certiorari* to review their conviction, which was denied by Mr. Justice Colie on the ground that prosecutors had not sought a timely review of the action of the Board of Adjustment by *certiorari* within the thirty days' period as set forth in *R. S.* 40:55–46. Iannella and Russo then applied to the Court of Chancery to restrain the Township of Piscataway from interfering with the operation of the slaughter-house. While the Chancery proceedings were pending Iannella and

Russo in November, 1946, again applied to Mr. Justice Colie to review the legality of their conviction in the Recorder's Court under *R. S.* 2:215-7. In December, 1946, these proceedings were adjourned by the Justice *sine die* pending the decision of the Court of Chancery. On April 8th, 1947, Vice-Chancellor Jayne continued the temporary restraint against the municipality to enable the prosecutors to litigate the matter in this court, stating:

"At the argument I conceived and expressed the idea that the validity of the ordinance should appropriately be determined at law through the avenue of *certiorari.*"

Prosecutors accordingly then applied to Mr. Justice Colie for a writ of *certiorari,* or in the alternative, a rule to show cause why *certiorari* should not be allowed to review the legality, validity and constitutionality of the zoning ordinance of Piscataway Township, particularly section 9 prohibiting the business of slaughtering animals throughout the township. Mr. Justice Colie denied this application on the grounds that the prosecutors had a legal remedy which they might have pursued but did not do so and, having abandoned that, they were debarred from coming in and seeking a review which turns upon the validity of the ordinance before him as a single Justice, and further that prosecutors were palpably in laches. The writ of *certiorari* now under consideration was then allowed.

We have carefully considered the record before us, as well as the able briefs of counsel, and are of the opinion that prosecutors were properly denied any relief in this court. Iannella and Russo, having been denied an extension of their permit to operate the slaughter-house on August 1st, 1946, had an appropriate legal remedy which they might have pursued, namely, by appeal from the Board of Adjustment's denial of their application for an extension of their permit within thirty days thereafter. They chose not to do so. Instead, with full knowledge of the facts, they continued, at their peril, the operation of the slaughter-house and as a result thereof were convicted as aforesaid.

The prerogative writ of *certiorari* will not lie, if the prosecutor is in laches or it has not been prosecuted with due

diligence. *Parker* v. *Borough of Point Pleasant et al.,* 11 *N. J. Mis. R.* 535; 167 *Atl. Rep.* 217, opinion by Mr. Justice Perskie. Mr. Justice Perskie therein said:

"* * * while there is no hard and fixed rule that can be laid down for a guidance on the subject-matter of laches, nevertheless, when one seeks to invoke the discretion of the court to grant the extraordinary writ of *certiorari,* he must prosecute his claim with due diligence."

In *Home Fuel Oil Co.* v. *Glen Rock,* 118 *N. J. L.* 340; 192 *Atl. Rep.* 516, a situation similar to that at bar prevailed. There, the prosecutor failed to avail itself of the statutory remedy within the statutory period following the adverse action of the Board of Adjustment and was subsequently convicted for violating the zoning ordinance. It then obtained a writ of *certiorari* to review the Police Court conviction. On the review it sought to question the constitutionality of the zoning ordinance and also the unreasonableness of the action of the Board of Adjustment in denying its application. Mr. Justice Perskie in affirming the judgment of conviction and dismissing the writ said:

"Notwithstanding the position taken by counsel for defendants, namely, that the writ does bring up the validity of the zoning ordinance, and the further fact that the *allocatur* was allowed, it is, nevertheless, argued for defendants that since prosecutor failed to review the action of the board of adjustment in denying its appeal, that it is now barred, in this proceeding which is to review a conviction before the recorder, from reviewing the facts and circumstances upon which the board of adjustment based its judgment. We think that the point is well taken.

"* * * Prosecutor, as already observed, properly followed that procedure to the point of an adverse determination by the board of adjustment of its appeal. It then permitted that determination to stand unchallenged. It did not exhaust the statutory provision of appeal. Prosecutor should not under these circumstances be permitted to resurrect the issues and determinations of the board of adjustment in this cause when its right to do so, in a direct attack, under the statute, has long since expired. * * *

"We are, therefore, of the opinion that the prosecutor should not be permitted to collaterally review the action of the board of adjustment in this cause. To hold otherwise would not only lead to a practice contrary to the provisions of the statute but would lead to confusion and disorder. It should not be sanctioned."

In our opinion the facts of the issue before us come well within the rule enunciated in *Parker* v. *Borough of Point Pleasant et al.* and *Home Fuel Oil Co.* v. *Glen Rock,* and we so hold. See, also, the opinion of Chief Justice Brogan, in *Crescent Hill, Inc.,* v. *Allendale,* 118 *N. J. L.* 302; 192 *Atl. Rep.* 514. Upon the allowance of the present writ prosecutors moved to strike respondents' inclusion in evidence of the transcript of testimony taken in the Chancery proceedings. Our determination makes it unnecessary to decide that motion.

The judgment of conviction is affirmed and the writ is dismissed, with costs.