TULSA OIL COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. FLORENCE E. MOREY, CLERK OF THE TOWN OF BELLEVILLE, JAMES J. TULLY, WILLIAM H. WILLIAMS, PATRICK A. WATERS, JOSEPH KING, LOUIS NOLL, CONSTITUTING THE BOARD OF COMMISSIONERS OF THE TOWN OF BELLEVILLE, CAMPBELL McCALL, BUILDING INSPECTOR OF THE TOWN OF BELLEVILLE, AND WILLIAM J. FRIEL, HEAD OF THE LICENSE BUREAU OF THE TOWN OF BELLEVILLE, RESPONDENTS.

Argued May 5, 1948—Decided July 12, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Fox & Schackner* (*Donal C. Fox*, of counsel).

For the respondents, *Lawrence E. Keenan*.

The opinion of the court was delivered by

WACHENFELD, J. This writ of *certiorari* brings up for review the resolution of the Board of Commissioners of the Town of Belleville denying the prosecutor a permit to erect a gasoline station on the northwest corner of Belleville and Pleasant Avenues.

Prosecutor presented plans and specifications to the building inspector for a permit to erect a gasoline service station on the premises in question. He likewise applied to the License Bureau for a permit to operate the same and both officials refused to issue such permits as they had not been directed to do so by the town commissioners. Admittedly the plans and specifications submitted comply with the building and other pertinent codes relating to the construction of gasoline service stations in the town.

An appeal was then taken to the Board of Commissioners, who held a hearing and denied the motion, apparently because it had been objected to by a number of citizens, property owners in the neighborhood. The record indicates the Commissioners did so with knowledge of certain previous zoning litigation involving the intersection and the results which were consistently adverse to the municipality's contention, but they nevertheless gave consideration to the objections made by their constituents, which they seemingly felt obligated to do.

According to the town zoning ordinance, the area is designated as "A" residence zone, the highest residential restriction in the municipality. A separate ordinance of June 24th, 1947, conferred upon the Board of Commissioners of Belleville exclusive authority to grant licenses for the erection and use of buildings as motor vehicle service stations where in its judgment "such building or buildings and use will not be detrimental to the health, safety and general welfare of the community and is reasonably necessary for the convenience of the community." By express provision permits may only be allowed for locations in business or industrial zones.

The premises, extending 93 feet west on Belleville Avenue and 100 feet on Pleasant Avenue, are located at an intersection which might appropriately be called "litigation corner." The same property on one occasion and land directly opposite on the south side of Belleville Avenue on three occasions were involved in zoning litigation: *Hayes* v. *Blank,* 2 *N. J. Mis. R.* 959; *Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183; *Bianchi* v. *Morey,* 124 *Id.* 258; *Bianchi* v. *Morey,* 128 *Id.* 219.

This intersection is less than a block from the Bloomfield-Belleville line. Bloomfield Avenue, which runs east and west, carries a heavy volume of motor vehicle traffic, acting as a feeder to three state highways and the Holland and Lincoln Tunnels. The neighborhood east of the intersection is residential in character. Until recently there was a florist and greenhouse on the premises but they have now moved. A night club operated adjacent to the west until it was torn down approximately four years ago and the land is presently vacant. On the southwest corner of the intersection directly across the street from prosecutor's property is an empty lot. Adjacent and extending to the west toward Bloomfield is a lumber company, small gasoline service station, two houses and a building containing an apartment and store. The area in Bloomfield across the boundary line is zoned for apartments and business uses.

In *Hayes* v. *Blank, supra,* a gasoline service station was judicially allowed on the premises herein considered. That decision and *Durkin Lumber Co.* v. *Fitzsimmons, supra,* where the operation of the lumber company was found legal, are superseded by the zoning amendment of 1927 and Enabling Act of 1928. Both cases are cited, however, to note the previous litigation which was considered by the Board of Commissioners during the hearing.

Since the constitutional change two cases have examined the validity of residential restrictions on property immediately east of the lumber company. In *Bianchi* v. *Morey,* 124 *N. J. L.* 258, 260, the court allowed the construction of a restaurant saying:

"The law involved in these cases is settled. It is the duty of the court to determine whether a restriction placed upon the use of one's property is a reasonable exercise of power under our Zoning Act, or whether that restriction is an arbitrary, unreasonable and capricious exercise of that power. * * *

"We are entirely satisfied, in view of the general character of the neighborhood and the surrounding circumstances, that the refusal of the Board of Commissioners * * * bears no reasonable relation to public health, safety, morals or wel-

fare. * * * The refusal therefore constitutes an arbitrary, unreasonable and capricious exercise of power."

Subsequently in *Bianchi* v. *Morey*, 128 *N. J. L.* 219, 221, the court, finding the restriction was not suitable to the character of the immediate locality, held the zoning ordinance presented no bar to the issuance of a permit to erect a gasoline station on the same premises.

The nature of the heavy traffic on Belleville Avenue, the presence of the lumber company and the noisy operation of its sawmill, the adjacent gasoline station and lower restrictions of the neighboring community make the use of this land for residential use untenable. Non-conforming uses and zoning restrictions of the adjacent community will be considered in determining the uses within the neighborhood. *Bianchi* v. *Morey*, 128 *N. J. L.* 219. With the exception of the removal of the night club and nursery, the general nature of the area remains the same as when considered in that case. As found there, the instant property is best suited for business purposes and the restriction to residential use cannot be upheld.

The reservation of control in the Board of Commissioners for the granting or denial of permits for gasoline service stations was properly enacted pursuant to the general police power of the municipality. Such ordinance is valid provided it establishes a sufficient norm or standard for the guidance of the board upon which the granting or refusal of a requested permit may depend. *Phillips* v. *Belleville,* 135 *N. J. L.* 271; *Finn* v. *Municipal Council of Clifton,* 136 *Id.* 34. An adequate standard is provided here. *Schnell* v. *Township Committee of Ocean,* 120 *Id.* 194; *First Church, &c.,* v. *Board of Adjustment of Newark,* 128 *Id.* 376.

It remains to determine whether the board acted arbitrarily and without relation to the standard there established. Belleville Avenue is a main thoroughfare and is heavily traversed by motor vehicles. The area west of the premises is more appropriately suited to business than residential use. It was testified congestion on the streets would not be increased nor would fire hazards be created with the establishment of the gasoline station. Considering the general character of the

neighborhood and all the pertinent testimony, the refusal of the board to grant the requested permit was arbitrary and unreasonable.

The prosecutor being entitled to the permit sought, the resolution of the Board of Commissioners is accordingly reversed and set aside, with costs.

Mr. Justice Heher dissents.