Avenel Industrial Realty Corporation, the owner of property known as 816-820 Washington and 817-825 Bloomfield Streets, Hoboken, New Jersey, applied to the building inspector for a permit to erect a brick store building thereon. The permit was refused because the Bloomfield Street frontage was zoned for residential purposes. Application for a variance was made to the board of adjustment and after public hearing thereon the variance was granted on December 29, 1947 by a majority of the board, and prior to the enactment of chapter 305 of the Laws of 1948. Certiorari was allowed to review the said action. The minutes of the special meeting at which the variance was granted stated that the members of the board had read the testimony, had inspected the property and neighborhood and thereupon the motion to grant the variance was passed. No statement of the reason or reasons which prompted the action was given.
Three points are argued but one of which is worthy of discussion, i.e., can the granting of the variance stand in view of the absence of a finding that "a literal enforcement of the provisions of the ordinance will result in unnecessary hardship." R.S. 40:55-39. In Brandon v. Montclair,124 N.J. Law 135 (Sup. Ct. 1940) it was said that a finding of unnecessary hardship to the owner was an indispensable condition to the exercise by the board of adjustment of its authority to grant a variance. In affirming, the Court of Errors and Appeals,125 N.J. Law 367, pointed out that the recommendation of the board of adjustment and the resolution of the municipal body were silent as to a finding of unnecessary hardship; Mr. Justice Bodine pointing out that "the rule that judicial findings must be made by quasi-judicial bodies, where the proofs support them, is a wholesome one" and that "before the Board of Adjustment can act it must find necessary jurisdictional facts required by the statute." *Page 104 
The resolution under review is set aside with costs and the matter remanded to the Board of Adjustment for further action in accordance with this opinion.