[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 541 
This is a proceeding in lieu of prerogative writ to set aside a resolution of the Hoboken Board of Adjustment adopted March 9, 1949, purporting to correct a fatal defect in an earlier resolution adopted December 29, 1947, granting a variance from the Hoboken Zoning Ordinance to permit Avenel Industrial Realty Corporation to erect a brick store building on property known as 816-820 Washington Street and 817-825 Bloomfield Street in Hoboken.
Plaintiffs have moved for summary judgment or, alternatively, for restraints against the building of the structure authorized by the variance. At the oral argument defendants sought and were granted permission to move for judgment on the pleadings.
The Board's action of December 29, 1947, granting the variance was set aside by the Appellate Division because of the absence of a finding by the Board that "a literal enforcement of the provisions of the ordinance will result in unnecessary hardship" and the matter was "remanded to the Board of Adjustment for further action in accordance with" the opinion. Protomastro v.Board of Adjustment of the City of Hoboken, 1 N.J. Super. 102,62 A.2d 694. The mandate entered ordered and adjudged that "the resolution under review be and is hereby set aside * * * and the matter *Page 542 
remitted to the Board of Adjustment for further action in accordance with the opinion * * *."
On or about February 1, 1949, following the coming down of the mandate the Board met with the attorneys for the respective parties. The Board accepted at that meeting an affidavit of the plaintiff Protomastro which reiterated many of the reasons in opposition to the variance originally advanced at the public hearing which preceded the adoption of the December 29, 1947, resolution and added some new matter. Those in attendance were apparently at the meeting by invitation and not pursuant to any formal notice. However, the parties argued again their respective contentions as to the merits of the application for the variance.
On February 3, 1949, the Board met privately and without notice to any party and according to the minutes of that date defeated by a vote of 3-2 a motion that "a variance be granted to the Avenel Industrial Realty Corporation in accordance with the opinion of the Superior Court of New Jersey, Appellate Division."
Defendants thereupon gave notice that a motion would be made March 14, 1949, before the Appellate Division for directions to the Board as respects said action in light of the opinion and mandate of the Appellate Division. This motion was withdrawn because the Board met on March 9, 1949, and the four members who had voted affirmatively for the December 29, 1947, resolution adopted the corrective resolution challenged here.
The March 9 resolution recites the events preceding the adoption of the December 29, 1947, resolution, states that "no statement of the reason or reasons which prompted the action was given in the minutes" and recites also the result of the proceedings before the Appellate Division. It then continues:
"WHEREAS, subsequent thereto, under a misapprehension as to the meaning and effect of the said opinion heretofore referred to, the Board of Adjustment held an informal hearing on February 1, 1949 concerning the said opinion and at said hearing permitted Edward Stover, Esq., to file an affidavit presenting new considerations to the said Board of Adjustment: and — *Page 543 
"WHEREAS, on February 3, 1949, laboring under said misapprehension and without consideration of the former record, the Board of Adjustment had failed to adopt a resolution predicated upon a finding of unnecessary hardship; and —
"WHEREAS, the Board of Adjustment has been advised that it is incumbent upon said Board to confine its consideration to the evidence and record adduced at the time of the former hearing in December, 1947; and —
"WHEREAS, the absence of an express finding of unnecessary hardship on the part of the Board of Adjustment upon the motion hereinbefore referred to was in inadvertence:
"NOW, THEREFORE, BE IT RESOLVED, by the Board of Adjustment of the City of Hoboken, in the County of Hudson, that the motion heretofore made by the said Thomas Gallo and adopted by the affirmative vote of Messrs. Fugazzi, Gallo, Fiore, and Spinetto, be and the same is hereby amended and clarified so as to read as follows:
"WHEREAS, in view of the restrictions imposed by a certain deed dated February 27, 1895, against the premises 816-820 Washington Street and 817-827 Bloomfield Street, in the City of Hoboken, in favor of the church property immediately adjacent thereto to the north, which restriction renders it impossible to erect on said premises an apartment dwelling or any other structure than the now outdated brownstone or brick one-family, party wall structure, which has resulted in the vacancy of the land for more than 60 years, but which restriction the owners of the dominant church estate have now agreed to waive in favor of a building to be erected pursuant to the plans filed by the Avenel Industrial Realty Corporation, but the erection of which building as planned is restricted by the provisions of the Zoning Ordinance of the City of Hoboken; and —
"WHEREAS, the above circumstances constitute a special condition, the Board of Adjustment of the City of Hudson, in the County of Hudson, does hereby find that the literal enforcement of the said Zoning Ordinance will result in unnecessary hardship; and —
"WHEREAS, the Board of Adjustment of the City of Hoboken being further of the opinion that the variance applied for herein will not be contrary to the public interest, and after due consideration of all the evidence and after inspection of the property;
"NOW, THEREFORE BE IT RESOLVED, by the Board of Adjustment of the City of Hoboken, in the County of Hudson, that a variance permitting the erection of a building on the premises known as 816-820 Washington Street and 817-827 Bloomfield Street, in said City, in accordance with the plans filed, is hereby granted to the Avenel Industrial Realty Corporation, and the Building Inspector, be and he is hereby directed to issue a permit pursuant hereto."
It was of course incumbent upon the Board to execute the judgment embodied in the mandate of the Appellate Division.Wemple v. B.F. Goodrich Co., 127 N.J. Eq. 333 *Page 544 
(E. A. 1940). What was required of the Board by the mandate? In cases of this nature the Appellate Division has said the appellate court has the choice either to direct "the Board to set forth its findings" or to direct the Board to annul "the record without prejudice to further proceedings by the municipal authorities." Ackerman v. Board of Commissioners,1 N.J. Super. 69, 62 A.2d 476 (App. Div.). The mandate here and the supporting opinion show clearly that the first alternative was adopted for this case. The corrective resolution of March 9th is obedient to the mandate.
But it is said the action of February 3rd voting down 3 to 2 the motion to grant the variance exhausted the Board's jurisdiction in the premises. This is not so. The Board had the right and duty to dispose of the case in accordance with the terms of the mandate. When it became convinced its action of February 3rd had not properly interpreted the mandate it correctly took the action of March 9th in conformity with its newer and more accurate interpretation. Compare Wemple v. B.F.Goodrich Co., supra. The action of February 3rd is accordingly without any effect and that of March 9th is valid.
Of course a finding of the jurisdictional prerequisite must be substantially grounded in competent evidence. Scaduto v.Bloomfield, 127 N.J.L. 1. The circumstances as to the property for which the variance is granted must be of a nature "uniquely touching the property" as distinguished from conditions that affect the whole neighborhood. Brandon v. Montclair,124 N.J.L. 135; Id., 125 N.J.L. 367; Potts v. Princeton,133 N.J.L. 230; Ackerman v. Board of Comm'rs, supra. The proofs are dispositive that this is the situation here. The record of the hearing held before adoption of the December 29, 1947, resolution (which record was before the Appellate Division on the appeal) contains ample competent proofs that the restrictions applicable alone to this property among all the lots in the neighborhood have for over 50 years kept the property in its present condition of vacant land.
Plaintiffs urge two other grounds to support their challenge. They contend that the actions of December 29, *Page 545 
1947, and March 9, 1949, are nullities because two of the Board members held offices or positions as Hoboken assessors in violation of R.S. 40:55-36 prohibiting members of a Board of Adjustment to hold "any elective office or position under the municipality." They also argue that the permit issued by the building inspector in compliance with the resolution is invalid because issued in the name of the architect employed by Avenel Industrial Realty Corporation and not in the corporation's name. These points were also argued before the Appellate Division as two of the three points advanced and were implicitly disposed of adversely to plaintiffs by the observation in the opinion that "Three points are argued but one of which is worthy ofconsideration, i.e., can the granting of the variance stand in the absence of a finding that `a literal enforcement of the provisions of the ordinance will result in unnecessary hardship.'" Neither in any event has substance. Assessors are appointive and not elective officials and the statutory prohibition does not apply. As to the second ground, the record indicates that the architect wherever he appeared acted as the agent for the corporation and this is sufficient. Wilson v.Union Township, 123 N.J.L. 474 (Sup. Ct. 1939).
It is also true that the March 9th resolution was adopted after the effective date of the amendments to the zoning statute which incorporate somewhat different standards than appeared in the amended statutes. P.L. 1948, c. 305, approved August 9, 1948, N.J.S.A. 40:55-30, 31, 33, 35 and 39. However, these amendments were effective when the mandate and opinion came down on December 22, 1948, and were not adverted to by the Appellate Division as having any relevancy to the action by the Board taken in December, 1947. This court, moreover, is satisfied that the facts here would justify a variance within the amended standards.
Plaintiffs' motions are denied and defendant's motion for judgment on the pleadings is granted. *Page 546