9 N.J. Super. 529 (1950)
75 A.2d 752
BARRY, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, NEW JERSEY, AND C. ALFRED BATES, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided September 19, 1950.
*532 Mr. David Weinick (Mr. Edward R. McGlynn and Mr. Joseph Weintraub, of counsel), for plaintiff.
Mr. Charles Handler (Mr. Joseph A. Ward, of counsel), for defendants.
WILLIAM A. SMITH, J.S.C.
This action is brought in lieu of prerogative writ against the Board of Adjustment of the City of Newark and C. Alfred Bates, who is secretary of the Board of Adjustment and Zoning Officer for the City of Newark and the proper person to whom to apply for a permit when the zoning ordinance is pertinent to the construction the property owner desires to make. The plaintiff is the owner of premises at 243-249 Chancellor Avenue, Newark, which under the provisions of the zoning ordinance is located in a first business district. The property is vacant and the plaintiff desires to erect a gasoline station including a lubritorium. Under the provisions of the zoning ordinance this character of construction is defined as a public garage, so in effect the plaintiff is applying for a permit to erect a public garage.
The proceedings were instituted on June 14, 1949, by an application to the Board of Adjustment for the erection of the station. Mr. Bates as the zoning enforcement officer on June 15, 1949, held that the application to him was contrary *533 to the provisions of section 6 of the zoning ordinance of the City of Newark. There was a further application by way of appeal from Mr. Bates' determination, filed on June 15, 1949, asking the Board of Adjustment for a variance from the terms of section 6 of the zoning ordinance so as to permit the erection of the building on the premises in a first business district. On these two applications three of the five Adjustment Board Commissioners sat and heard testimony. They also examined the property and heard argument. Evidence in opposition to the application generally covered objections that: there were two other corners that had gas stations facing the corner property owned by plaintiff; there was a bus stop in front of the premises for which the application was made; both streets were heavy traffic streets; a school was nearby (but not so near as to raise the bar of the zoning ordinance); a new filling station would raise additional traffic hazards as it has more than one entrance for cars crossing the sidewalk; and there was a residential zone adjoining the property. Some of the grounds urged by the plaintiff were: the plans called for an up-to-date station with inside lubritorium for washing and servicing cars, whereas the other stations were not modern and did not have these advantages, and it was an undue hardship on the plaintiff as the property was best suited for the proposed purpose.
The Board at a meeting on August 2, 1949, attended by all five Commissioners, rendered their decision by a vote of 3 against the petitioners and 2 not voting as they had not heard the case. The action they took was to reject a motion, which was as follows:
"A motion has been made and seconded that the application for the erection of a gasoline station, including lubritorium bay and bay for car washing (not automatic car washing) at 243-249 Chancellor Avenue for a period of eight years be recommended to the Board of Commissioners."
Pursuant to this resolution the Board entered an order as follows:
*534 "It is on this 2nd day of August, 1949, decided and determined that the Zoning Ordinance of the City of Newark so far as it relates to the structure or use applied for is reasonable and in accordance with the Zoning Laws of the State of New Jersey, and the appeal is hereby dismissed."
I would interpret this finding to be a final determination against the petitioner.
It will be necessary to examine the ordinance of the City of Newark and the previous decisions with regard to the effect of the Board's determination. The original ordinance of the city, as I understand it, prohibited the erection of public garages within the city. It was a considerable time ago decided in the case of First Church, &c., v. Board of Adjustment of The City of Newark, N.J., 127 N.J.L. 325 (Sup. Ct. 1941), and affirmed in 128 N.J.L. 376 (E. & A. 1942), that a zoning ordinance which excluded stations for the sale of gasoline from all parts of the city was invalid and not within the confines of the constitutional amendment permitting zoning and the statutes thereafter enacted. Following this decision the zoning ordinance of the city was amended and section 10 was enacted, paragraph 1 of which applies in the present case. (Paragraph 2 is a section with which we are not concerned in this matter.) Paragraph 1 reads as follows:
"Since gasoline or oil stations, automobile filling and cleaning stations and public garages, while necessary, may be inimical to the public safety and general welfare if located without the due consideration of conditions and surroundings, no permit therefor shall be issued except upon application first made to the Board of Adjustment, which is directed to hear the same in the same manner and under the same procedure as the board of adjustment is empowered by law and ordinance to hear cases and make exceptions to the provisions of a zoning ordinance, and empowered to recommend in writing to the Board of Commissioners that a permit for such use be granted, if, in its judgment, it will not be detrimental to the health, safety and general welfare of the community, and is reasonably necessary for the convenience of the community."
It is contended in this case by the defendants that public garages are not excluded from the entire city but may be erected in the second industrial district as that district limitation *535 as to what may be constructed does not apply to public garages. With this I do not agree. However, it would seem to me that the decision referred to is sufficient warrant to hold that a zoning prohibition against public garages which permitted their erection only in a second industrial zone would be practically as unreasonable as a prohibition from the entire city, as the second industrial zone covers principally the undeveloped portion of the city and parks. The ordinance however is saved by the provision of section 10 referred to which sets apart public garages for special regulation, that is they may be permitted in the city under certain conditions. My construction of the ordinance is that on account of the special treatment of public garages the limitations in business and industrial zones against public garages which were contained in the ordinance previous to the passage of section 10 are rendered inoperative, so that under the special treatment of public garages permission could be granted under that section for the location of public garages in business or industrial zones.
As will be noted from section 10, supra, the method provided is by application in the first instance to the Board of Adjustment which is directed to hear the same in the same manner and under the same procedure as the Board of Adjustment is empowered by law and ordinance to hear cases and make exceptions to the provisions of a zoning ordinance, and if it approves the application then the Board of Adjustment is empowered to recommend in writing to the Board of Commissioners that a permit for such use be granted, if, in its judgment, it will not be detrimental to the health, safety and general welfare of the community and is reasonably necessary for the convenience of the community. If there is no recommendation then the act of the Board of Adjustment is final. Crescent Hill, Inc., v. Allendale, 118 N.J.L. 302 (Sup. Ct. 1937); Ackerman v. Board of Commissioners, 1 N.J. Super. 69, 73 (App. Div. 1948).
In the case of Schnell v. Township Committee of Ocean, 120 N.J.L. 194 (Sup. Ct. 1938), the procedure provided *536 for under paragraph 1 of section 10 of the zoning ordinance was approved as a proper method of treating public garages under a zoning ordinance, it being manifest that the inquiry and determination is of a judicial nature under the exercise of the police power. The provision of the statute giving power to the Board of Adjustment to act in a case of this character is provided for under R.S. 40:55-39 as amended by P.L. 1948, c. 305, p. 1223, and P.L. 1949, c. 242, p. 779. The provision of the statute as it stood on the date of the application in this case reads as follows:
"The board of adjustment shall have power to: * * *
"d. Recommend in particular cases and for special reasons to the governing body of the municipality the granting of a variance to allow a structure or use in a district restricted against such structure or use. Whereupon the governing body or board of public works may, by resolution, approve or disapprove such recommendation. If such recommendation shall be approved by the governing body or board of public works then the administrative officer in charge of granting permits shall forthwith issue a permit for such structure or use."
The ordinance imposes on the Board of Adjustment the duty of a preliminary hearing and a determination to either deny the application, which denial is final, or recommend to the Board of Commissioners the granting of the permit, and the Board of Commissioners then decides whether or not the permit shall be granted. I must therefore conclude that the proper procedure for obtaining a permit under the zoning ordinance for the erection of a public garage, which excludes the character of construction that the plaintiff desires to make, is to present the application for the permit to the Zoning Officer and the secretary of the Board of Adjustment and apply to the Board of Adjustment for a hearing and recommendation to the Board of Commissioners under the provision of paragraph d of R.S. 40:55-39 as amended by P.L. 1949, c. 242, p. 779, which is to be found in N.J.S.A. Cumulative Annual Pocket Part, with citations.
It does not seem in this case that the plaintiff applied for the specific relief that it was entitled to apply for under *537 the ordinance and statute, but of course it must be borne in mind that the rules of the Board of Adjustment require applications to be on the forms of the Board, and a failure of the plaintiff to specifically request the proper action would not, I think, bar consideration by the Board of Adjustment. The action taken by the Board of Adjustment determining that the zoning ordinance was reasonable and in accordance with the laws of the State of New Jersey and in dismissing the appeal is not the kind of a determination that the statute and the ordinance call upon it to make. But the denial of the resolution which the Board actually passed on, namely, a motion "that the application for the erection of a gasoline station, including lubritorium bay and bay for car washing (not automatic car washing) at 243-249 Chancellor Avenue for a period of 8 years be recommended to the Board of Commissioners," it seems to me is a clear determination of a denial by the Board of a recommendation to the Board of Commissioners as provided for in section 10 of the ordinance.
Having determined that the Board of Adjustment by its action has in effect refused to recommend to the Board of Commissioners the granting of the permit, consideration must now be given to the question as to whether its determination shall be set aside as asked for by the plaintiff. In the procedure adopted by the ordinance as to public garages, the city acts under the general police power and not under the constitutional right given it by the zoning amendment to the Constitution, and in adopting the procedure of reference to the Board of Adjustment the city was warranted to act preliminarily and recommend if it thought a permit should be granted. Schnell v. Township Committee of Ocean, supra; Weininger v. Metuchen, 133 N.J.L. 544, 548, 549 (Sup. Ct. 1946); affirmed, 134 N.J.L. 562 (E. & A. 1946); Lehrer v. Board of Adjustment of Newark, 137 N.J.L. 100 (Sup. Ct. 1948).
Under section 10 of the ordinance and paragraph d, R.S. 40:55-39, to warrant a recommendation to the Board of Commissioners for a permit for a public garage, the Board *538 of Adjustment must make a finding under the ordinance that "in its judgment it will not be detrimental to the health, safety and general welfare of the community, and is reasonably necessary for the convenience of the community." The Board of Adjustment is bound in its finding to the limitations contained in the 1949 amendment (P.L. 1949, c. 242), which reads as follows:
"No relief may be granted or action taken under the terms of this section unless such relief can be granted without substantial detriment to the public good and will not substantially impair the intent and purpose of the zone plan and zoning ordinance."
This latter finding would of course be a finding based upon the municipal right to adopt zoning ordinances and proceed thereunder. It is my conclusion from the examination of the testimony that I cannot hold that the Board was not within its rights in denying the application, treating its action as a denial of an application to it to recommend to the Board of Commissioners the granting of the permit. I do not find its action to be capricious or arbitrary.
There remains to be disposed of the contention of the plaintiff that the ordinance is invalid under the grant of zoning power. I think I have already disposed of this contention by pointing out that the power exercised by the Board of Adjustment to recommend to the Board of Commissioners and for the Board of Commissioners to grant or deny the application on the recommendation are actions granted pursuant to the police power as distinguished from the zoning power, when dealing with gasoline service stations as a special class. Tulsa Oil Co. v. Morey, 137 N.J.L. 388 (Sup. Ct. 1948); Schnell v. Township Committee of Ocean, supra; Lehrer v. Board of Adjustment of Newark, supra.
Testimony over the objection of the defendants was taken by the plaintiff and submitted to the court. The basis of the action of the Board of Adjustment must of course be that which they had before them at the time they acted. I do not rule out the fact that under certain circumstances testimony *539 may be taken, but I do not think I can use that testimony in this case to change the weight of the testimony which was presented to the Commissioners.
There will be judgment for the defendants.