375 P.2d 730

Eugene M. FELIX, Petitioner,

v.

The SUPERIOR COURT OF the COUNTY OF PIMA and Tucson Gas, Electric Light & Power Company, a corporation, Respondents.

No. 7670.

Supreme Court of Arizona,

En Banc.

Nov. 8, 1962.

Clarence E. Houston, Tucson, for petitioner.

Darnell, Holesapple, McFall & Spaid,. Tucson, for respondent Tucson Gas, Electric Light & Power Co.

BERNSTEIN, Chief Justice.

On January 10, 1962, the respondent, Tucson Gas, Electric Light and Power Co., filed a complaint for the condemnation of "an easement and right of way in portions of the lands * * * [of the petitioner] * * * in, over, upon and across the same, and under the same at supporting structure locations, for the purpose of constructing, using and maintaining electric light and power transmission lines, towers and poles * * *". On the same date the respondent filed application for an order granting immediate possession and use of the subject property. On February 5, 1962, the Superior Court of Pima County entered an order granting to the respondent the immediate possession and use of the property under the provisions of A.R.S. § 12–1116.

In a related action the respondent obtained immediate possession and use on February 5, 1962, of certain real property adjacent to the Felix property belonging to the Hughes Tool Company. The respondent's proceedings against Hughes Tool and Felix were consolidated in the court below.

On February 8, 1962, Hughes Tool petitioned for a Writ of Certiorari in this Court to test the propriety of the trial court's order granting possession and use to the respondent prior to a jury determination of the damages arising from the taking. Felix took no action at that time to obtain review of the order of the court.

Respondent entered into possession of the Felix premises and on February 23, 1962, completed construction of a steel power line tower thereon. On April 5, 1962, this Court handed down its decision in Hughes Tool Company v. Superior Court of Pima County, 91 Ariz. 154, 370 P.2d 646 (1962). We there held that the immediate possession provisions of A.R.S. § 12–1116 are unavailable to non-municipal corporations under our Constitution, Art. 2, § 17, A.R.S. Following this decision, the petitioner Felix on April 13, 1962, filed a motion to vacate the order of the Superior Court which permitted respondent to enter into possession and use of the Felix property. By stipulation, the hearing on this motion was continued until after the mandate of this Court in the Hughes case (in which a motion for rehearing was pending) would be returned to the Superior Court. A rehearing in the Hughes case was denied by this Court and the hearing on the Felix motion to vacate was held on June 27th, 1962. At that time the motion to vacate was denied. Thereafter this petition for certiorari was filed to test the propriety of the February 5th order of the Superior Court of Pima County which granted immediate use and possession of the Felix property to the respondent.

The circumstances in this case are essentially identical to those of the Hughes case, supra, and the legal issues are settled in that opinion. However, the respondent contends that the remedy of certiorari should not be available to the petitioner in this case because of his failure to seek timely review of the order granting respondent immediate possession of the property in question.

Petitioner did not file his petition for certiorari until July 12, 1962, five months and seven days after the entry of the order of which review is now sought. He took no action whatever to attack the order until after his co-defendant below, the Hughes Tool Company, had obtained a favorable ruling from this Court. At that time he filed his motion to vacate in the lower court. During the three months and eight days that intervened between the filing of the order of immediate possession and the filing of the motion to vacate, the respondent, relying on an apparently valid and unquestioned order, entered the premises and on February 23, 1962 completed the construction of a steel tower thereon.

Our statutes and rules do not limit the time within which a petition for cer-

tiorari may be filed. It is, however, universally recognized that in a proper case the doctrine of laches may be applied to bar the remedy of certiorari,[1] e. g. Hammond Lumber Co. v. Board of Supervisors, 85 Cal.App.2d 568, 193 P.2d 503 (1948); State Civil Service Commission v. Cummings, 83 Colo. 379, 265 P. 687 (1928); Byfield v. City of Newton, 247 Mass. 46, 141 N.E. 658 (1923); Iannella v. Johnson, 136 N.J.L. 514, 56 A.2d 894 (1948) and cases cited Annot. 40 A.L.R.2d at 1385. Laches is a question not merely of the running of time, but also of the intervening change of position of one of the parties induced by the inaction of the party against whom the defense is raised, Kengla v. Stewart, 82 Ariz. 365, 313 P.2d 424 (1957); Jones v. McNabb, 184 Okl. 9, 84 P.2d 429 (1938); McKnight v. Basilides, 19 Wash.2d 391, 143 P.2d 307 (1943). Construction of the

steel tower by respondent during a period when petitioner made no effort to obtain review of the order of immediate possession, and no attempt to prevent this construction, amounted to such a change of position by respondent. We find that the petitioner has unreasonably delayed his attack upon the order of February 5, to the point that it would be inequitable to require the respondent to incur the expense of dismantling the structure now standing on petitioner's land, only to erect it again within a matter of months when the eminent domain proceedings are completed.

The writ of certiorari previously granted in this cause is quashed.

UDALL, V. C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.

---

1. Many jurisdictions have adopted the rule that, in the absence of a statutory time to file a petition for certiorari, the normal period granted to file an appeal will apply to bar the remedy of certiorari unless circumstances of extraordinary character justifying the delay be shown, e. g. Hill v. Taylor, 199 Ark. 695, 135 S.W.2d 825 (1940); Smith v. Superior Court, 97 Cal. 348, 32 P. 322 (1893); In re Glassgold's Estate, 97 Cal. App.2d 859, 218 P.2d 1016 (1950); Pullman Co. v. State Bd. of Equalization, 31 Idaho 316, 171 P. 260 (1918); Connolly v. Upham, 340 Ill.App. 387, 92 N.E.2d 207 (1950); Eigner v. Geake, 52 N.M. 98, 192 P.2d 310 (1948); State ex rel. L. L. Buchanan & Co. v. Washington Public Service Commission, 39 Wash.2d 706, 237 P.2d 1024 (1951).