542 P.2d 410

**STATE of Arizona, Petitioner,**

v.

**Honorable T. J. MAHONEY, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent;**

**and**

**James DeROON, Real Party in Interest.**

**No. 2 CA–CIV 2004.**

Court of Appeals of Arizona,
Division 2.

Nov. 18, 1975.

Rehearing Denied Dec. 23, 1975.

Review Denied Jan. 20, 1976.

James D. Webb, City Atty. by John M. Sando, Asst. City Atty., Tucson, for petitioner.

Robertson, Molloy, Fickett & Jones, P. C. by Michael J. Meehan, Tucson, for real party in interest.

OPINION

HATHAWAY Judge.

An order of the respondent court dismissing a complaint for driving while under the influence of alcohol is the subject of this special action. Although, as we shall subsequently discuss, relief should be denied, we believe the question presented by petitioner is of such public importance as to require appellate resolution.

The essential facts are as follows. On December 1, 1974, at 12:15 a. m., Mr. DeRoon was arrested and charged with driving while under the influence of alcohol. He was immediately taken to the Tucson Police Department for a breathalyzer examination but he refused to submit to it. He was subsequently arraigned at approximately 1:30 p. m. on the same day, pled not guilty and was released on his own recognizance. On March 25, he was tried and convicted by a jury of driving while under the influence, and a notice of appeal to superior court was filed immediately.

For various reasons not material here, the superior court trial was scheduled for June 4, 1975. On June 3, DeRoon filed two motions to dismiss, one of which challenged the court's jurisdiction because DeRoon was not immediately taken before a magistrate for initial appearance but was incarcerated for approximately 12 hours until arraignment in city court. On June 4, the motions were heard by Judge Druke and neither DeRoon nor his counsel appeared. The motions to dismiss were denied and the court ordered the case reset for trial not later than 30 days thereafter. Numerous resettings of the trial date ensued and the matter was finally reset for a jury trial on August 12. Prior to trial on

August 12, DeRoon renewed his motion to dismiss the complaint and the motion was granted. The minute entry recites:

"THE COURT FURTHER FINDS that the defendant in the case was incarcerated for a period of approximately twelve (12) hours prior to being brought before a Magistrate.

\* \* \* \* \* \*

THE COURT FURTHER FINDS that there is a conflict as to whether or not there is a duty to bring the defendant before a Magistrate, and

THE COURT FURTHER FINDS that it is a Constitutional question that should be determined by the Appellate Court."

No question is raised as to the constitutionality of DeRoon's arrest pursuant to A.R.S. Sec. 13–1403. Such claim, of course, we would have to reject. See *Erickson v. City Court of City of Phoenix*, 105 Ariz. 19, 458 P.2d 953 (1969). Rule 4.1, Rules of Criminal Procedure, 17 A.R.S., provides in pertinent part:

"a. *On Arrest Without a Warrant.* A person arrested without a warrant shall be taken before the nearest or most accessible magistrate in the county of arrest, whereupon a complaint, if one has not already been filed, shall promptly be prepared and filed.

\* \* \* \* \* \*

c. *Timeliness of Appearance Before Magistrate.* A person arrested shall be taken before a magistrate without unnecessary delay. If he is not brought before a magistrate within 24 hours after arrest, he shall immediately be released."

 Thus we see, as indicated in the comment to Rule 4.1, subsection c of that rule defines the applicable standards of promptness as "without unreasonable delay" and in no event more than 24 hours after arrest. The rule does not require a magistrate to be available 24 hours a day, but merely requires that one magistrate in any county be available at one time during every day of the week. There is no requirement that the person arrested be tak-

en immediately before a magistrate. We have held that a detention of 11 hours did not violate the statutory mandates of "without unnecessary delay." *State v. Ramos*, 11 Ariz.App. 196, 463 P.2d 91 (1969). Furthermore, dismissal of a criminal action is not the appropriate remedy for unreasonable detention. *State v. Gilbert*, 105 Ariz. 475, 467 P.2d 63 (1970).

■ The respondent court's ruling cannot be sustained on the ground that De-Roon was denied a reasonable opportunity to make arrangements for the administration of a potentially exculpatory test concerning his sobriety. See *State v. City Court*, 25 Ariz.App. 214, 542 P.2d 407 (released this date). DeRoon in fact refused to submit to the breathalyzer test and the only demands he made were concerning his release on bail. The respondent court therefore could not have concluded De-Roon was denied an effective means of preparing his defense. We hold that the respondent court erred in dismissing the prosecution.

Although the court below erroneously dismissed the prosecution, we are of the opinion that in the case at bench, relief should be denied. As noted above, the prosecution was dismissed on August 12. This special action proceeding was commenced on October 8, approximately 57 days later. Our statutes and rules do not limit the time within which a special action petition may be filed, but in a proper case, the defense of laches may be invoked. *Felix v. Superior Court of County of Pima*, 92 Ariz. 247, 375 P.2d 730 (1962). As pointed out in *Felix*, many jurisdictions have adopted the rule that, in the absence of a statutory time to file a petition, the normal period granted to file an appeal will apply unless circumstances of extraordinary character justifying the delay are

shown. 92 Ariz. at 250, footnote 1, 375 P. 2d 730.

There is no right to appeal the superior court order dismissing the complaint. *State v. Spitz*, 15 Ariz.App. 120, 486 P.2d 800 (1971); A.R.S. Sec. 13–1712. If, however, the appeal remedy were available, the notice of appeal would have had to have been filed within 20 days after August 12, 1975. Rule 1.2, Rules of Criminal Procedure, provides:

"These rules are intended to provide for the just, speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the individual while preserving the public welfare."

■ Petitioner has presented no reason or excuse for the delay in filing its special action petition. We believe that such showing should be a prerequisite *in a criminal case* when special action relief is sought after expiration of the normal period for appeal. To allow otherwise would be in derogation of the spirit of the new Rules of Criminal Procedure. We hold, therefore, that when a criminal prosecution is dismissed, the 20-day period for taking an appeal will likewise apply unless circumstances justifying the delay are shown. In the event the requisite showing is made, the doctrine of laches may be available as a bar.[1]

Since the petitioner has waited for a period of time which is almost 3 times the normal appeal period and has failed to justify the delay, we decline to grant relief.

HOWARD, C. J., and KRUCKER, J., concur.

---

1. Mr. DeRoon has appended an affidavit executed by a witness he had intended to use in his defense. According to the affidavit, the witness had knowledge of the events that occurred at the time of the alleged offense, was willing to testify on August 12, the date set for trial, but left the state on August 25 to attend school in Chicago, Illinois. In view of the fact that petitioner has demonstrated no justification for the delay in seeking review, we need not concern ourselves with the prejudice issue.