606 P.2d 18

Bruce D. SCHOENBERGER, Appellant,

v.

**BOARD OF ADJUSTMENT OF the CITY OF PHOENIX, Appellee.**

No. 14179.

Supreme Court of Arizona, In Division.

Jan. 25, 1980.

Pearson & McKnight by Ben C. Pearson and J. Jeff Richardson, Phoenix, for appellant.

Andy Baumert, City Atty. by Edward P. Reeder, Asst. City Atty., Phoenix, for appellee.

HOLOHAN, Vice Chief Justice.

Appellant Bruce D. Schoenberger appeals from a judgment of the superior court dismissing his complaint. We took jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

Appellant owns real property located in the City of Phoenix from which he operates a contractor's business. On June 2, 1977, appellant was served with a notice of ordinance violation by the City of Phoenix Zoning Enforcement Section of the Building Safety Department. The violation alleged was the improper use of the premises for purposes not in conformance with the existing zoning. Approximately two weeks later, appellant filed an application for a zoning adjustment to permit a change from the former nonconforming use to a new nonconforming use. The Zoning Administrator for the city denied the application. Appellant then appealed the decision of the Zoning Administrator to the Board of Adjustment of the City of Phoenix. At the conclusion of the public hearing held on August 10, 1977, the Board upheld the decision of the Zoning Administrator denying appellant's application.

On October 7, 1977, fifty-eight days after the Board had announced its decision, appellant filed a complaint in the superior court. Count I of appellant's complaint stated that it was "a statutory special action in the nature of certiorari brought pursuant to A.R.S. § 9–465(E)." Appellant asserted that the Board had abused its discretion, acted arbitrarily and in excess of its jurisdiction and asked for relief in the form of an order reversing the Board's decision and directing it to grant the requested permit. Count II asked for a declaratory judgment to the effect that the appellant could continue his nonconforming use of the property since there had been no change in use from that made by the previous owner.

The Board filed a motion to dismiss the complaint claiming: (1) that the court lacked jurisdiction over the subject matter; (2) that the complaint failed to state a claim upon which relief could be granted; and (3)

**530**

as to Count II, only, the appellant had failed to exhaust his administrative remedies. Grounds (1) and (2) were based upon the fact that the action had been filed more than 30 days after the Board's decision contrary to the requirements of the city zoning ordinance. The superior court granted the Board's motion and dismissed the complaint with prejudice.

Appellant has not raised any issue on appeal relative to the disposition of Count II of his complaint, so we will not consider that matter.

■ The issue for determination by this court is whether the City of Phoenix may by a city zoning ordinance limit the time within which the superior court has jurisdiction to review a decision of the Board of Adjustment. We conclude that it cannot.

Former A.R.S. § 9–465, repealed January 1, 1974, provided a thirty-day period within which to petition for a writ of certiorari for review of a decision by the board of adjustment. The current statute covering board of adjustment procedures, A.R.S. § 9–462.-06, does not set forth an appeal procedure to review decisions of a board of adjustment. Appellee's position is that there being no state statute on the subject, the city is entitled to prescribe the time period within which actions must be filed to review board decisions. City of Phoenix Zoning Ordinance § 109.1(C)4 provides:

"Any person aggrieved by any decision of the Board or any taxpayer or municipal officer, may apply to a court of competent jurisdiction within thirty (30) days of the Board hearing as provided by law."

■ Jurisdiction is the power of a court to hear and determine a controversy. *Duncan v. Truman*, 74 Ariz. 328, 248 P.2d 879 (1952); *Goff v. Superior Courts in and for the Counties of Pima and Maricopa*, 2 Ariz.App. 344, 409 P.2d 60 (1965). The jurisdiction of the superior court is conferred upon it by the state constitution and statutes. *State v. Bigelow*, 76 Ariz. 13, 258 P.2d 409 (1953); *State ex rel. Andrews v. Superior Court of the County of Maricopa*, 39 Ariz. 242, 5 P.2d 192 (1931). The jurisdiction of the superior court cannot therefore be limited by a city ordinance.

■ Both parties to this appeal agree that the proper designation of Count I of the complaint should be as a "special action" under Rule 1(a) of the Rules of Procedure for Special Actions, 17A A.R.S. rather than as a "statutory special action." It is generally recognized that when there is no provision providing for appeal in a zoning enabling statute, review of administrative board decisions is by resort to the common-law writ of certiorari. Yokley, *Zoning Law and Practice*, Vol. 2, § 18–9; Rathkopf, *The Law of Zoning and Planning*, Vol. 3, § 63–10. Since the repeal of A.R.S. § 9–465 there is no provision for appeal, and the only method of review is by way of certiorari. *See Town of Paradise Valley v. Gulf Leisure Corp.*, 27 Ariz.App. 600, 557 P.2d 532 (1976).

■ The superior court is empowered to grant the writ of certiorari pursuant to A.R.S. § 12–2001. The petition for special action is now the procedure for obtaining relief by writ of certiorari. *City of Phoenix v. Superior Court*, 110 Ariz. 155, 158, 515 P.2d 1175, 1178 (1973); Rule 1(a), Rules of Procedure for Special Actions, 17A A.R.S. Although the rules do not limit the time within which a special action may be filed, the doctrine of laches has been applied to deny special action relief. *See Felix v. Superior Court of Pima County*, 92 Ariz. 247, 375 P.2d 730 (1962); *State v. Mahoney*, 25 Ariz.App. 217, 542 P.2d 410 (1975). In *Felix* this court noted that the Arizona statutes and rules do not limit the time within which a petition for certiorari may be filed, but the court held that the doctrine of laches may be applied to bar the remedy of certiorari.

The trial court erred in dismissing the appellant's special action for lack of jurisdiction. The case is remanded to the superior court for proceedings consistent with this opinion.

STRUCKMEYER, C. J., and GORDON, J., concur.