609 P.2d 1070

**STATE of Arizona, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable Jack T. Arnold, Judge of the Superior Court, Division XV, Respondents,**

**and**

**Mrs. Jose Peralta Rios, Real Party In Interest.**

**No. 2 CA–CIV 3499.**

Court of Appeals of Arizona, Division 2.

Feb. 22, 1980.

Rehearing Denied March 26, 1980.

Review Denied April 22, 1980.

state is without a remedy by appeal, and because we believe the court acted in excess of its jurisdiction, we assume jurisdiction and grant relief.

The facts giving rise to the special action are as follows. In September 1979, a citizen of Argentina was apprehended in Tucson with over five ounces of cocaine in his possession. Prior to his release on bond, he met Mr. Jose Peralta Rios, husband of the real party in interest. Mr. Rios was jailed for allegedly selling one pound of cocaine in July 1978 and was awaiting trial. Mr. Rios arranged for the Argentinian to contact his wife. The real party in interest informed her husband's attorney Robert Hirsh, that the Argentinian had offered to sell her some cocaine. Counsel attempted to use this information to gain some favored treatment for his client. He contacted the Tucson Police Department and was referred to the Pima County Attorney's Office where he apparently attempted to obtain an agreement from that office that in exchange for information, Mrs. Rios would not be called before a grand jury. He was told that no agreement would be made.

When Mrs. Rios was subpoenaed to appear before the grand jury, Mr. Hirsh moved to quash the subpoena, alleging that the Pima County Attorney's Office had agreed not to call the real party in interest before the grand jury. At the hearing on the motion to quash, counsel admitted that he did not elicit a promise from the Pima County Attorney's Office regarding Mrs. Rios testifying before the grand jury. At that time, the Pima County Attorney's Office withdrew the subpoena. However, on November 26, 1979, a subpoena was again issued ordering Mrs. Rios to appear and give testimony before the grand jury. Mrs. Rios again filed a motion to quash the subpoena and, after an evidentiary hearing on December 10, the respondent court ordered the subpoena quashed on the ground that the real party in interest had been "denied effective assistance of counsel", the court finding "that effective counsel would have insulated her by agreement."

Stephen D. Neely, Pima County Atty., by John E. Davis, Tucson, for petitioner.

Hirsh & Bayles by Robert J. Hirsh, Tucson, for real party in interest.

## OPINION

HOWARD, Judge.

The state has brought this special action challenging the respondent court's quashing of a subpoena directing the real party in interest to appear and testify before the Pima County grand jury. Because the

■ The real party in interest challenges the state's ability to bring this special action on the basis of *State v. Mahoney,* 25 Ariz.App. 217, 542 P.2d 410 (1975). She claims that since the state waited 25 days after the order quashing the subpoena, *Mahoney* mandates that the doctrine of laches bars the state from obtaining relief in this special action. In *Mahoney,* however, we were dealing with a specific set of facts, a case wherein a criminal prosecution had been dismissed, and our holding was limited to that situation. We stated:

"Petitioner has presented no reason or excuse for the delay in filing its special action petition. We believe that such showing should be a prerequisite *in a criminal case* when special action relief is sought after expiration of the normal period for appeal. To allow otherwise would be in derogation of the spirit of the new Rules of Criminal Procedure. We hold, therefore, that when a criminal prosecution is dismissed, the 20-day period for taking an appeal will likewise apply unless circumstances justifying the delay are shown. In the event the requisite showing is made, the doctrine of laches may be available as a bar." (Emphasis in original) 25 Ariz.App. at 219, 542 P.2d at 412.

The finality which attaches to dismissal of a criminal prosecution and the concomitant change in position of the parties involved are not present in the mere quashing of a subpoena to testify before a grand jury. It is inconceivable that a few days' delay in filing a special action can forever bar obtaining information necessary to continue a criminal prosecution. We do not think the *Mahoney* rationale applies here and we refuse to bar the filing of the special action beyond the 20-day period.

■ The respondent court erred in quashing the subpoena. The grand jury has the power to compel an individual to appear and testify. *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Marston's, Inc. v. Strand,* 114 Ariz. 260, 560 P.2d 778 (1977). The duty to testify has been recognized as a basic obligation of every citizen since the public has the right to every man's evidence. *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). The subpoena power, however, is not unlimited. In *United States v. Calandra,* supra, the Supreme Court stated:

"It [grand jury] may consider incompetent evidence, but it may not itself violate a valid privilege, whether established by the Constitution, statutes, or the common law." 414 U.S. at 346, 94 S.Ct. at 619.

In *United States v. Dionisio,* 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973), the Supreme Court recognized some limitations on the grand jury subpoena power:

"The grand jury cannot require a witness to testify against himself. It cannot require the production by a person of private books and records that would incriminate him. [citation omitted] The Fourth Amendment provides protection against the grand jury subpoena duces tecum too sweeping in its terms 'to be regarded as reasonable.' [citations omitted] And last Term, in the context of a First Amendment claim, we indicated that the Constitution could not tolerate the transformation of the grand jury into an instrument of oppression." 410 U.S. at 11–12, 93 S.Ct. at 770.

The attempt to subpoena Mrs. Rios involved no recognized exception to a grand jury subpoena power. She does not maintain that the subpoena violates her right against self-incrimination, her Fourth Amendment right against unreasonable searches or her First Amendment rights. Nor does she claim that the information which is being sought by subpoena is subject to any statutory or common law privileges such as the attorney-client privilege. With no recognized exception to interrupt it, the far-ranging power of the grand jury to secure testimony cannot be halted here. The court's finding that the real party in interest was denied effective assistance of counsel does not provide grounds for quashing the subpoena. Counsel's failure to establish an agreement with the Pima County Attorney's Office in no way deprived the real

party in interest of any constitutional right. Indeed, her constitutional right to effective assistance of counsel only arises where she might be an accused in a criminal prosecution and is not involved here in the determination of the lawfulness of the subpoena.

Since there is no authority for the quashing of the subpoena, and since the power of the grand jury to secure the appearance and testimony of the real party in interest is not here impeded by any established barrier to such power, we grant the state's requested relief.

The order quashing the subpoena is hereby set aside.

HATHAWAY, C. J., and RICHMOND, J., concur.