693 P.2d 996

STATE of Arizona, ex rel. the ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Plaintiffs-Appellants,

v.

Douglas J. KENNEDY, Leon Cherry, Frank Sackton, Esther Tang, and Robert Gonzales, each in their official capacity as members of the Arizona State Personnel Board, Defendants-Appellees,

Alvin STROM, Real Party in Interest-Appellee.

No. 1 CA–CIV 6730.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 10, 1985.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Robert S. Segelbaum, Thomas M. Roger, Asst. Attys. Gen., Phoenix, for plaintiffs-appellants.

Sundberg & Mousel by Craig L. Mousel, Phoenix, for defendants-appellees.

Treon, Warnicke & Roush, P.A. by Stanley Lubin, Phoenix, for real party in interest-appellee.

## OPINION

KLEINSCHMIDT, Judge.

The Arizona Department of Economic Security has appealed from a superior court order refusing to accept jurisdiction in a special action filed by the department. We affirm the court's decision.

The facts giving rise to this dispute stem from the department's termination of Alvin Strom, the real party in interest, from his job at the department. Strom wanted to appeal and a union representative, who was not licensed as an attorney in the State of Arizona, acted on Strom's behalf and timely filed an appeal.

At a hearing conducted by a hearing officer of the Arizona State Personnel Board, the department moved to dismiss Strom's appeal. Its motion was predicated on our supreme court's decision in *Hunt v. Maricopa County Employees Merit System Comm.*, 127 Ariz. 259, 619 P.2d 1036 (1980), which limited lay representation before personnel boards to matters involving $1,000 or less. The parties agree that the matter in issue here involves more than $1,000. The hearing officer concluded, based on *Hunt*, that the personnel board did not have jurisdiction to hear the appeal.

The dismissal was appealed to the personnel board and the board refused to adopt the hearing officer's conclusion, ruling instead that it had jurisdiction despite the fact that the notice of appeal was filed by a non-lawyer. Subsequently, the department brought a special action in superior court to determine whether the board erred in allowing a layman to represent Strom in proceedings before it. The trial court refused, without explanation, to accept jurisdiction of the special action.

We address two questions raised by the department's appeal: 1) Whether the special action was timely filed; and 2) whether the Arizona State Personnel Board was bound to follow the decision in *Hunt.* While we agree with appellant that the special action was timely filed, and that the board was bound to follow *Hunt,* we find that the superior court did not abuse its discretion in refusing to accept jurisdiction of the special action because we believe that Strom and his lay representative were misled by the apparent validity of the statute allowing representation by lay persons. Under the circumstances of this case it would be unfair to deny Strom the right to appeal.

### THE TIMELINESS OF THE SPECIAL ACTION

Strom contends that the superior court's refusal to accept jurisdiction over the special action was proper in view of the untimely filing of the special action. He cites A.R.S. § 12–904 for the proposition that all actions brought to challenge decisions of state agencies must be filed within 35 days of the agency action which is being challenged. Since the personnel board ruled in this matter on May 14, 1981, the special action, which was filed on July 27, 1981, was too late if the statutory time limit controls. The appellees' argument, however, overlooks the distinction between an appeal and a special action.

▮ Pursuant to A.R.S. § 41–785(D), "Any party may appeal the decision of the [personnel] board pursuant to title 12, chapter 7, article 6, to the superior court."

Thus, the 35 day limit imposed by A.R.S. § 12–904 applies to an appeal. The denial of a motion to dismiss, however, is an interlocutory nonappealable order and appellate intervention through special action is therefore an available discretionary remedy. *Rowell Laboratories, Inc. v. Superior Court,* 117 Ariz. 400, 573 P.2d 91 (App. 1977).

▮ The only limit on the time within which a special action must be filed lies in the doctrine of laches. *See Schoenberger v. Board of Adjustment,* 124 Ariz. 528, 606 P.2d 18 (1980). At no time have the appellees raised the doctrine of laches, nor would a special action brought within two months seem, on its face at least, to make the invocation of the doctrine appropriate. This special action was timely filed.

### THE NOTICE OF APPEAL

The appellant contends that after being dismissed by the department, Strom failed to file a notice of appeal with the assistant director of the department as required by regulation. Pursuant to Ariz.Admin.Rules and Reg. R–2–5–33(b)(2) [superseded by R–2–5–403(b)(2)], "An appeal must be filed *by the appellant* with the Assistant Director not later than 30 days from the effective date of the dismissal ... which is the subject of the appeal." (emphasis added). Although a written request for appeal was filed within the time limit, it was signed by a local union representative on behalf of Strom. The union official's notice, the department maintains, contravenes the express prohibition of *Hunt, supra,* in which the supreme court determined that representation by non-lawyers in personnel cases exceeding $1,000 constitutes the unauthorized practice of law. The department reasons that since the filing by the union representative was a nullity, Strom failed to file a timely appeal. It follows, says the department, that the superior court should have assumed jurisdiction over the special action and dismissed Strom's appeal. Strom's response to all of this is that there is a factual distinction between *Hunt* and the instant case in that *Hunt* involved a

*county* as employer, while Strom worked for the *state*.

In *Hunt*, a county employee faced a four-day suspension as a disciplinary measure for insubordinate conduct. On administrative appeal to the Maricopa County Employee Merit System Commission, the employee advised the commission that she wanted to be represented at the hearing by a union representative who was not an attorney. The representative was not charging the employee a fee for his representation. The hearing officer refused to allow the representation and the hearing was continued to allow the employee to take a special action. *Hunt, supra.* Arizona Revised Statutes § 32-261, which was in dispute in *Hunt*, provides in material part:

> A. · Except as provided in subsections C and D, no person shall practice law in this state unless he is an active member of the state bar in good standing as defined in this chapter.
>
> . . . .
>
> D. An employee may represent himself or designate a representative, not necessarily an attorney, before any board hearing or any quasi-judicial hearing dealing with personnel matters, providing that no fee may be charged for any services rendered in connection with such hearing by any such designated representative not an attorney admitted to practice.

While *Hunt* permitted the employee to have lay representation, the court found that the regulation of the practice of law resides in the supreme court and it narrowed the scope of permissible lay representation in matters before personnel boards. The court observed that "The provisions of [A.R.S. § 32-261(D)] apply broadly to 'any board hearing or any quasi-judicial hearing dealing with personnel matters'." 127 Ariz. at 262, 619 P.2d at 1039. The court then decided:

> [T]o allow lay representation of employees in administrative hearings dealing with personnel matters under the following conditions: 1) the lay representation

must be provided without fee; 2) the subject matter of the hearing must have a value or represent an amount insufficient to warrant the employment of an attorney, but in no event shall lay representation be permitted if the value or amount involved exceeds $1,000.

127 Ariz. at 264, 619 P.2d at 1041.

Strom argues that *Hunt* must be confined to its facts and to the interpretation of A.R.S. § 32-261. He sees great significance in the fact that Hunt was a *county* employee, as opposed to a *state* employee. He argues that the legislature has far greater interest in and power over state employees than it has over the employees of counties, which are semi-autonomous political subdivisions of the state. He also argues that A.R.S. § 41-785 is a narrow statute which applies only to state employees. In his view, that statute is not the broad attempt to authorize lay representation that was condemned in *Hunt*. We believe that *Hunt* is not that narrow. Its point is that the regulation of the practice of law is a judicial prerogative. By its terms the decision lays down a rule for limited lay representation in all administrative personnel hearings.

Strom also points to Rule 27(a)(4) [now 31(a)(4)], Rules of the Arizona Supreme Court, which permits lay representation of individuals claiming benefits in a proceeding before the unemployment compensation division of the department of economic security. The current rule, which was amended three months after *Hunt* was decided, contains no reference to the $1,000 limit of the subject matter in controversy. According to Strom, had the court meant *Hunt* to be the definitive statement on lay representation in all personnel matters, then the amendment would have been unnecessary or it would have been worded in compliance with the requirement set forth in *Hunt*. This exception to the rule of *Hunt*, however, merely reinforces the wide scope of that rule. The court, pursuant to its authority to regulate the practice of law, has created a carefully circumscribed

realm for lay representation in unemployment compensation matters.

 When a special action is initiated by complaint in superior court, the judge must first exercise his discretion in deciding whether to consider the case on its merits. *See generally, State ex rel. Dean v. City Court*, 123 Ariz. 189, 598 P.2d 1008 (App. 1979). Accordingly, the denial of special action relief is a discretionary decision for the superior court which will be upheld for any valid reason disclosed by the record. *Armstrong v. City Court*, 118 Ariz. 593, 578 P.2d 1022 (App.1978).

Notwithstanding our construction of *Hunt*, we find no abuse of discretion in the superior court's decision to refuse to accept jurisdiction over the department's special action. Without the aid of legal counsel, Strom could have reasonably relied upon the right to appeal through a lay representative granted in A.R.S. § 41-785(F). Arguably, he would have had no way of knowing that limitations had recently been set down by the Arizona Supreme Court in *Hunt* or of the application of that case to the statute under which he was appealing. The state's argument that Ariz. Admin.Rules and Reg. R-2-5-33(b)(2) refers to the filing of an appeal by "the appellant", meaning the appellant *personally*, is too technical. It ignores the common practice that litigants generally act through authorized representatives. Nothing in the rules states that the employee must personally sign the appeal. In addition, the board has always interpreted its rule to allow the employee to file through an agent. Given these considerations, the superior court did not abuse its discretion. It would be unfair to deny Strom a hearing on the merits simply because he did not take note of a decision that was arguably inapplicable and instead relied on the plain language of the statute.

Accordingly, the decision of the superior court refusing to accept jurisdiction of the special action is affirmed. When the case proceeds for a decision on its merits, Strom must either represent himself at the hearing or procure the services of a licensed attorney.

HAIRE and BROOKS, JJ., concur.