787 P.2d 1077

**STATE of Arizona, ex rel., Roderick McDOUGALL, Phoenix City Attorney, Plaintiff–Appellant,**

v.

**The Honorable Joseph TVEDT, Magistrate Pro Tempore; and the Municipal Court of the City of Phoenix, Arizona, Defendants–Appellees,**

and

**Martin C. ARREOLA, Defendant and Real Party In Interest–Appellee.**

No. 1 CA–CV 88–594.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 21, 1989.

Reconsideration Denied Nov. 16, 1989.

Review Denied March 27, 1990.

Roderick G. McDougall, Phoenix City Prosecutor by Mark L. Barry and L. Michael Hamblin, Asst. City Prosecutors, Phoenix, for plaintiff-appellant.

James Scorza, Phoenix Mun. Court Adm'r, Phoenix, for defendants-appellees.

Michael J. Dew, Phoenix, for defendant and real party in interest-appellee.

## OPINION

### JACOBSON, Presiding Judge.

This case began with the filing of a complaint against Martin C. Arreola (defendant) by the State of Arizona in Phoenix Municipal Court for criminal and civil traffic violations. This is the most recent stage of a somewhat lengthy battle seeking to reverse the striking of an allegation of defendant's prior conviction by the municipal court judge as a discovery sanction against the state. The present appeal is taken from the superior court's refusal to consider the merits of a complaint for special action filed by the state because the court found that the petition had been untimely filed.

## FACTS AND PROCEDURAL HISTORY

For purposes of this appeal, the significant procedural history started on December 7, 1987, when Magistrate Joseph Tvedt of the Phoenix Municipal Court granted defendant's oral motion to strike an allegation of prior conviction, finding that the state had not acted diligently in making available to defendant a copy of the information concerning the prior conviction as required by A.R.S. § 28–692.01(I).

The state appealed this ruling to the superior court pursuant to A.R.S. § 13–4032(7) on December 17, 1987. When the superior court rejected defendant's efforts to dismiss the appeal for lack of jurisdiction, defendant sought special action relief in the Arizona Supreme Court. The supreme court, on April 12, 1988, issued an order stating that the state had no right of appeal from the magistrate's order but could obtain relief, if any, only by special action.

In furtherance of this ruling, on June 3, 1988, the state filed a complaint for special action in the superior court. On August 1, 1988, the superior court accepted jurisdiction, and, after holding that the magistrate should have determined whether a less onerous sanction would have been appropri-

ate, it remanded to the municipal court for such determination.

On September 6, 1988, the city magistrate again struck the allegation of prior conviction as a discovery sanction, concluding this was the minimum sanction under the circumstances. That same day the magistrate sentenced defendant to serve ten days in jail, pay a fine of $413, attend an alcohol abuse screening session, and ordered defendant's license suspended for ninety days. Neither party appealed from the judgment of conviction and sentence within the ten days required by Rule 4, Superior Court Rules of Criminal Appellate Procedure, and the judgment became final on September 16, 1988.

Twenty days after the magistrate's order, the state filed the present complaint for special action in superior court, again seeking review of the order striking the allegation of prior conviction.

The superior court did not reach the merits of this special action, denying jurisdiction on the basis that:

Applying the principle of timeliness for special actions pursuant to *State v. Mahoney*, 25 Ariz.App. 217, 542 P.2d 410, to Rule 4, *Superior Court Rules of Appellate Procedure—Criminal*, 17B A.R.S., and the State having filed its Complaint for Special Action on the 20th day following the magistrate's ruling, the State failed to timely prosecute the special action in this matter.

In this appeal the state asks us to determine whether the trial court erred in applying the rationale of *State v. Mahoney*, 25 Ariz.App. 217, 542 P.2d 410 (1975) to this case and thus abused its discretion in concluding that the special action was untimely filed.

## DISCUSSION

■ If the magistrate's order striking the allegation of prior conviction had been an appealable order, the state would have been required to file its notice of appeal within ten days. *See* Rule 4, Superior Court Rules of Criminal Appellate Procedure.

The striking of the allegation of prior conviction by the magistrate, however, was not an appealable order. The Arizona Supreme Court had already made that determination in an unpublished order, and its ruling was law of the case in this subsequent special action proceeding. *E.g., Dancing Sunshines Lounge v. Industrial Comm'n,* 149 Ariz. 480, 720 P.2d 81 (1986); *Sibley v. Jeffreys,* 81 Ariz. 272, 305 P.2d 427 (1956). Moreover, this court has also held that an order striking an allegation of a prior conviction is a nonappealable order. *See State ex rel. McDougall v. Crawford,* 159 Ariz. 339, 767 P.2d 226 (App.1989). Thus, the only way the state could seek review of the order was by way of a petition for special action, which it filed twenty days after the magistrate entered his order striking the allegation. We now turn to the relevant legal authorities to determine whether the trial court abused its discretion in concluding that the state's complaint for special action was untimely.

■ Arizona's Rules of Procedure for Special Actions, A.R.S. 17B, provide no limits on the time within which a special action may be filed. *See also Schoenberger v. Board of Adjustments,* 124 Ariz. 528, 530, 606 P.2d 18, 20 (1980); *Felix v. Superior Court,* 92 Ariz. 247, 249–50, 375 P.2d 730, 732 (1962). Arizona courts have repeatedly found laches to be the only restriction on the time for filing a petition for special action. In *Northern Propane Gas Co. v. Kipps,* 127 Ariz. 522, 622 P.2d 469 (1980), the court found that because the order was nonappealable, the time limits governing the filing of appeals were not applicable. It found no abuse of discretion by the appellate court in accepting the petition for special action filed forty-five days after the order. *Id.* at 525, 622 P.2d at 472. In *Schoenberger,* the court noted that the doctrine of laches was the only restraint upon the time in which to file a special action. 124 Ariz. at 530, 606 P.2d at 20.

In another case, the trial court had refused to accept jurisdiction of a special action without providing explanation. On appeal to this court, the respondent argued that the superior court's refusal to accept jurisdiction was proper because the petition had not been filed within the statutory thirty-five day time limit applicable to appeals from personnel board rulings. This court held that the only limit on the time within which a special action must be filed lies in the doctrine of laches. Since the doctrine of laches had not been raised and since a special action brought within two months seemed on its face to make the invocation of the doctrine inappropriate, relief was denied. *State ex rel. Arizona Dept. of Econ. Sec. v. Kennedy,* 143 Ariz. 341, 343, 693 P.2d 996, 998 (App.1985).

In this case, the trial court relied on *State v. Mahoney,* 25 Ariz.App. 217, 542 P.2d 410 (1975), a criminal matter in which the state had brought a petition for special action to challenge the superior court's dismissal of its complaint fifty-seven days after its entry. In *Mahoney,* Division Two of this court ruled for the first time that a petition for special action was untimely if not filed within the time limits for filing an appeal pursuant to Rule 31.3, Arizona Rules of Criminal Procedure. *Id.* at 219, 542 P.2d at 412. In reaching the conclusion that the petitioner should have filed the petition for special action within the time limits for taking an appeal, Division Two began by observing that the defense of laches may be invoked in a proper case, and that many jurisdictions apply the time limits for taking an appeal unless circumstances justifying the delay are shown. *Id.* Next, the court observed that Rule 1.2, Arizona Rules of Criminal Procedure, provides:

> These rules are intended to provide for the just, speedy determination of every criminal proceeding. These shall be construed to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the individual while preserving the public welfare.

25 Ariz.App. at 219, 542 P.2d at 412. Finally, the court observed that the petitioner had presented no reason or excuse for the delay in filing its special action petition. Based on the foregoing, the court concluded that "when a criminal prosecution is

dismissed, the 20–day period for taking an appeal will likewise apply unless circumstances justifying the delay are shown." *Id.*

Thereafter, in *State v. Superior Court (Rios)*, 125 Ariz. 370, 609 P.2d 1070 (App. 1980), Division Two distinguished *Mahoney* by pointing out that it dealt with a specific set of facts regarding dismissal of a criminal prosecution and that its holding had been limited to that situation. In explaining why it would not apply the rule it had established in *Mahoney*, Division Two stated:

> The finality which attaches to dismissal of a criminal prosecution and the concomitant change in position of the parties involved are not present in the mere quashing of a subpoena to testify before a grand jury. It is inconceivable that a few days' delay in filing a special action can forever bar obtaining information necessary to continue a criminal prosecution. We do not think the *Mahoney* rationale applies here and we refuse to bar the filing of the special action beyond the 20–day period.

125 Ariz. at 372, 609 P.2d at 1072.

This case, unlike *Mahoney*, did not involve the dismissal of a criminal prosecution. However, the same policies regarding finality apply to this case, perhaps in even greater force than in *Mahoney*. In neither *Mahoney* nor any of the special action cases cited above did an adverse party attempt to challenge an interlocutory order by special action after a final judgment had been entered and become nonappealable. Therefore, while we might conclude that *Mahoney* is incompatible with the remainder of the Arizona cases regarding time limits for filing petitions for special action, we choose to dispose of this case on other grounds. On appeal, we may uphold the denial of special action relief for any valid reason disclosed by the record. *State ex rel. Arizona Dept. of Econ. Sec. v. Kennedy*, 143 Ariz. at 345, 693 P.2d at 1000.

In this case, the state filed its special action from the order striking the allegation of prior conviction after defendant's conviction and sentence had become final and nonappealable. In a civil case, such a final judgment would bar further proceedings through the doctrine of collateral estoppel. In a criminal case, further proceedings against a defendant would be barred by the doctrines of double jeopardy and speedy trial. Generally, a superior court does not abuse its discretion in denying special action relief where a criminal defendant could raise double jeopardy as a bar to further proceedings. *State ex rel. Dean v. City Court of Tucson*, 123 Ariz. 189, 192, 598 P.2d 1008, 1011 (App.1979). The state is limited to presentation of errors that occur prior to the attachment of jeopardy. *State v. Miller*, 14 Ariz. 440, 130 P. 891 (1913). Because of this, when it seeks review of appealable interlocutory orders that may involve either double jeopardy or speedy trial problems, the state normally has the option of either going ahead with the prosecution under the adverse ruling or dismissing the action and appealing from the adverse ruling. *See State v. Million*, 120 Ariz. 10, 583 P.2d 897 (1978); *State v. Eason*, 124 Ariz. 390, 604 P.2d 654 (App. 1979). The state is forced to make this choice because it "may not leave the defendant in limbo or in custody while it pursues the right of appeal." *Million*, 120 Ariz. at 14, 583 P.2d at 901.

In this case, however, the state neither sought a stay of the trial court proceedings nor sought dismissal of the matter pending special action review. Rather, after successfully prosecuting defendant and obtaining a conviction, the state then sought through special action review to remand the case for enhanced resentencing based on an allegation of defendant's prior conviction. Thus, it sought sentence enhancement after the conviction and sentence had become final and nonappealable.[1] This would normally violate the constitutional

---

1. In this case defendant pled guilty. The state does not explain how the defendant, who has already served his sentence, would be able to withdraw his plea based on the enhanced punishment now sought and get back the time served if subsequently found not guilty of the new charge.

principles against double jeopardy and in favor of speedy trials.

We need not go so far as holding that double jeopardy attached here, except to note that the reason such bars to further proceedings exist is because of the strong policy favoring the finality of judgments and the speedy resolution of criminal prosecutions. Under such well-established principles of finality, all interlocutory rulings made during the course of criminal prosecution necessarily are subsumed into the final judgment. That judgment, right or wrong, becomes final and not subject to collateral attack by the state after the appeal time has expired. Thus, although we need not determine whether the state is necessarily limited to seeking review of an *order* striking an allegation of prior conviction within ten days of that order, we conclude that the state is certainly precluded from seeking review of that interlocutory order after the *final judgment* has become nonappealable, in this case, after ten days from its entry. On this basis, the trial court did not abuse its discretion in finding that the state's complaint for special action was untimely filed twenty days after the judgment of conviction and sentence were entered.

For the reasons stated herein, we find no abuse of discretion by the superior court in declining jurisdiction on the basis that the petition for special action was untimely filed. We affirm the trial court's ruling.

CLABORNE, J., and HAIRE, Retired Judge, concur.

NOTE: The Honorable LEVI RAY HAIRE, retired, was authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 20, and A.R.S. § 38-813.