NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SAMIR MAHMOUD WADI, *Appellant*.

No. 1 CA-CR 17-0493
FILED 5-30-2019

Appeal from the Superior Court in Yavapai County
No.  V1300CR201480433
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Blumberg & Associates, Phoenix
By Bruce E. Blumberg
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge James B. Morse Jr. and Judge Jon W. Thompson joined.

---

**S W A N N**, Judge:

**¶1**          Samir Mahmoud Wadi appeals his convictions and sentences for twelve counts of sexual exploitation of a minor, raising several constitutional and statutory arguments.  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**          The BitTorrent network protocol allows users to select and download collections of content, called torrent files, from other internet users.  Once downloaded, these files are made available to other BitTorrent users.

**¶3**          In August 2014, a detective discovered that a computer with an internet protocol ("IP") address located in Arizona used BitTorrent to download and, in turn, offer nine torrent files containing videos of what appeared to be child pornography.  The detective learned the IP address was controlled by an out-of-state internet service provider, Suddenlink. The detective served Suddenlink with a grand jury subpoena and confirmed that the IP address was registered to Wadi.

**¶4**          The detective used these facts to obtain a search warrant.  On October 9, 2014, the detective executed a search warrant on Wadi's residence and found a laptop and a desktop computer.  Wadi was the sole occupant of the residence and both electronic devices belonged to him.

**¶5**          Wadi assisted detectives in accessing an encrypted folder labeled "Life" on his laptop.  In the encrypted folder, the detective found nine videos, identical to those the detective originally discovered using BitTorrent.  The detective also found one still image in the encrypted folder,

---

[1]      We view the facts in the light most favorable to upholding the verdicts, and we resolve all reasonable inferences against the defendant. *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

along with two additional still images in the unallocated space of Wadi's laptop and desktop computer.[2] Each of the videos and images depicted female children, all under fifteen years old, in sexually suggestive poses, exposing their genital areas.[3]

¶6         In speaking with detectives, Wadi admitted the encrypted folder held items depicting "naked little girls," posed with their legs spread open. He stated he encrypted the folder to keep the items private. Wadi admitted he used the search term "Lolita," a term commonly associated with child pornography, to locate videos and images on the internet.

¶7         The state charged Wadi with twelve counts of sexual exploitation of a minor, all class 2 felonies and dangerous crimes against children (Counts 1 through 12). After a bench trial, the superior court found Wadi guilty of all counts and sentenced him to minimum, consecutive terms, totaling 120 years' imprisonment. Wadi appeals.

**DISCUSSION**

I.    WADI WAS NOT DEPRIVED OF HIS PROTECTION AGAINST DOUBLE JEOPARDY NOR HIS RIGHT TO DUE PROCESS BECAUSE EACH SEPARATE IMAGE CONTAINING CHILD PORNOGRAPHY CONSTITUTED A SEPARATE CRIME.

¶8         Wadi argues his convictions and resulting sentences for Counts 1 through 9 deprived him of his protection against double jeopardy, as well as his right to due process. We review alleged constitutional violations de novo. *State v. McGill*, 213 Ariz. 147, 153–58, ¶¶ 21, 45 (2006). The double jeopardy clauses of the federal and state constitutions "protect criminal defendants from multiple convictions and punishments for the same offense." *State v. Ortega*, 220 Ariz. 320, 323, ¶ 9 (App. 2008).

¶9         As relevant here, a person commits sexual exploitation of a minor if he knowingly possesses "any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." A.R.S. § 13-3553(A)(2). A "'[v]isual depiction' includes each visual image that is contained in an undeveloped film, videotape or photograph or data stored

---

[2]    When content is deleted from a computer's "recycling bin," it is placed in the "unallocated space" of the computer's hard drive. This can sometimes be accessed using forensic computer software.

[3]    At trial, Wadi stipulated that the children depicted in the videos and images were under fifteen years old.

in any form." A.R.S. § 13-3551(12). Sexual exploitation of a minor under fifteen years old is a dangerous crime against children, requiring consecutive sentences for each conviction. A.R.S. § 13–705(D), (M), (Q).

¶10    The record shows that the video segments associated with Counts 1 through 3 came from the same video sequence involving the same child, Counts 4 through 6 from segments of a second video sequence involving a second child, and Counts 7 through 9 from segments of a third sequence involving a third child. The detective, however, testified that each of the nine videos were different, distinct segments of the three video sequences. Simply, each video showed different types of exposure involving "separate and distinct acts." Moreover, each of the nine videos would have been watched as a separate video.

¶11    We have consistently held that Arizona's sexual exploitation of a minor statutes are meant to criminalize each separate image or depiction that satisfies the elements of the offense. *See State v. Berger*, 212 Ariz. 473, 474, ¶ 3 (2006) ("Under this statutory scheme, the possession of each image of child pornography is a separate offense."); *State v. McPherson*, 228 Ariz. 557, 560, ¶¶ 6–7 (App. 2012) ("[T]he legislature intended the unit of prosecution to be each individual 'depiction.'"). Double jeopardy does not bar separate prosecutions and sentences for each image of sexual exploitation of a minor, even if the images are identical, *State v. Valdez*, 182 Ariz. 165, 170–71 (App. 1994), or discovered on a single DVD, *McPherson*, 228 Ariz. at 560, ¶ 7. Put simply, multiple images containing child pornography constitute multiple crimes. Accordingly, we conclude that separate convictions and sentences for each of the nine videos, making up Counts 1 through 9, do not violate the prohibition against double jeopardy. Each video constitutes a separate and distinct harm, requiring a separate and distinct punishment under Arizona law.

¶12    Similarly, we reject Wadi's claim that multiple punishments for Counts 1 through 9 violate his due process rights, namely because the law is impermissibly vague. Wadi fails to challenge a specific statute, provide relevant legal authority, or adequately develop this claim. The issue is therefore waived on appeal. *See State v. Bolton*, 182 Ariz. 290, 298 (1995). To the extent we can assume Wadi challenges the validity of A.R.S. §§ 13-3551 and -3553, we have previously rejected analogous claims, *State v. Hazlett*, 205 Ariz. 523, 531, ¶ 29 (App. 2003), and decline to depart from Arizona precedent.

II.    WADI'S SENTENCES DO NOT VIOLATE HIS EIGHTH AMENDMENT RIGHTS BECAUSE HIS PUNISHMENT IS NOT GROSSLY DISPROPORTIONATE TO THE CRIMES.

¶13    Wadi argues his sentences violate the Eight Amendment's prohibition against cruel and unusual punishment. Affording "substantial deference to the legislature and its policy judgments as reflected in statutorily mandated sentences," the Eighth Amendment prohibits the imposition of "extreme sentences that are grossly disproportionate to the crime." *Berger*, 212 Ariz. at 476, ¶ 13 (citations and internal quotation marks omitted).

¶14    As noted above, A.R.S. § 13–705(D) and (M) mandate consecutive sentences for each conviction of sexual exploitation of a minor under fifteen years old. Acknowledging the strong public interest in protecting children from exploitation, the Arizona Supreme Court concluded that this sentencing scheme does not violate the Eighth Amendment. *Berger*, 212 Ariz. at 478–83, ¶¶ 23, 36, 49, 51 (upholding aggregate term of 200 years' imprisonment). "This court is bound by decisions of the Arizona Supreme Court and has no authority to overturn or refuse to follow its decisions." *State v. Long*, 207 Ariz. 140, 145, ¶ 23 (App. 2004).

¶15    Wadi asks us to reject well-established precedent and declare A.R.S § 13–705(D) and (M) unconstitutional as applied. We find no justification for reaching such a conclusion. *See State v. Olague*, 240 Ariz. 475, 481, ¶ 23 (App. 2016) ("Stare decisis . . . requires special justification to depart from existing precedent."). Wadi's sentences are not grossly disproportionate to his offenses and A.R.S. § 13–705, as applied, does not violate the Eight Amendment's cruel and unusual punishment clause.

III.    DIRECT AND CIRCUMSTANTIAL EVIDENCE SUPPORTS WADI'S CONVICTIONS (COUNTS 1–10).

¶16    Wadi argues insufficient evidence supports his convictions in Counts 10 through 12. We review the sufficiency of the evidence de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). We will reverse only if "there is a complete absence of probative facts to support the conviction." *State v. Scott*, 113 Ariz. 423, 424–25 (1976). Sufficient evidence may be either direct or circumstantial, and may support differing reasonable inferences. *State v. Anaya*, 165 Ariz. 535, 543 (App. 1990).

¶17    Section 13-3553(A)(2) criminalizes the knowing possession of "any visual depiction in which a minor is engaged in exploitive exhibition

or other sexual conduct." As defined, "exploitive exhibition" is "the actual or simulated exhibition of the genitals or pubic or rectal areas of any person for the purpose of sexual stimulation of the viewer," A.R.S. § 13–3551(5), and "possession" is "a voluntary act if the defendant knowingly exercised dominion or control over property," A.R.S. § 13–105(35).

**¶18** Through direct and circumstantial evidence, the State showed that Wadi searched, selected, and downloaded child pornography using BitTorrent. Wadi affirmatively transferred one image to a "private" encrypted folder, Count 10, and deleted two additional images, Counts 11 and 12. On the date of offenses, Wadi possessed and had sole access to the electronic devices storing the images. The images depict three separate female children under fifteen years old in suggestive poses with their genital areas exposed. The images are consistent with the types of depictions Wadi admitted he searched for and possessed.

IV.   THE COURT DID NOT ABUSE ITS DISCRETION IN ADMITTING THE ITEMS FOUND ON WADI'S LAPTOP BECAUSE ANY ALTERATION TO THE DATE OF ACCESS OF THE MATERIAL WITHIN WAS IRRELEVANT TO ADMISSIBILITY.

**¶19** Wadi argues the superior court abused its discretion in allowing the admission of items located on his laptop, claiming the state failed to lay adequate foundation that the videos and images associated with Counts 1 through 12 were authentic and accurate. We will not disturb a ruling on the admissibility of evidence absent a clear abuse of discretion. *State v. Romanosky*, 162 Ariz. 217, 224 (1989).

**¶20** The proponent of an item of evidence can lay foundation by eliciting testimony from a witness "that an item is what it is claimed to be." Ariz. R. Evid. 901(a), (b)(1). For photographs and video recordings alike, foundation is laid if "it fairly and accurately depicts that which it purports to show." *State v. Superior Court (Steinle)*, 239 Ariz. 415, 421, ¶ 26 (2016) (citations and internal quotation marks omitted). This standard may be satisfied by circumstantial evidence, *State v. Best*, 146 Ariz. 1, 2 (App. 1985), and the question for the superior court is not "whether the evidence is authentic, but only whether evidence exists from which the [finder of fact] could reasonably conclude that it is authentic," *State v. Lavers*, 168 Ariz. 376, 386 (1991).

**¶21** At trial, the detective testified he removed the hard drive from Wadi's laptop to connect to forensic software and discovered the encrypted folder. Wadi only agreed to decrypt the folder himself, forcing the detective

to place the hard drive back in the laptop. In doing so, the laptop rebooted and reset the date and time that the items in the encrypted folder, Counts 1 through 10, were last accessed. However, both the detective and the defense expert testified that the reboot did not alter any other aspects of the items in the encrypted folder and the videos were identical to those Wadi offered via BitTorrent. Deleted items, like the images associated with Counts 11 and 12, do not contain a date of access and, as the detective testified, it is "incredibly unlikely" the reboot altered the image in any way. Over Wadi's objection, the videos and images associated with Counts 1 through 12 were admitted.

¶22 The record before us shows that the items were located in a laptop, Wadi had sole access and control of that laptop on the date of the offenses, and any alteration of the date of access did not substantively modify the relevant videos and images. Here, any alteration to the date and time the items in the encrypted folder were last accessed is irrelevant to the question of admissibility. *See Lavers*, 168 Ariz. at 386. We find no abuse of discretion.

## V. THE COURT ACTED PROPERLY AND WITHIN ITS DISCRETION WHEN IT REFUSED TO SUPPRESS EVIDENCE STEMMING FROM THE ISSUANCE OF GRAND JURY SUBPOENAS.

¶23 Wadi contends the superior court erred in refusing to suppress all evidence flowing from the issuance of grand jury subpoenas to obtain IP address registration information. Wadi contends the Yavapai County Attorney's Office ("YCAO") and the detective exceeded the scope of authority provided by Arizona's grand jury statutes and violated his constitutional rights. We review the denial of a motion to suppress based on the evidence presented at the suppression hearing. *State v. Newell*, 212 Ariz. 389, 396, ¶ 22 (2006). We review the court's factual findings for abuse of discretion, and its ultimate legal determination de novo. *State v. Gilstrap*, 235 Ariz. 296, 297, ¶ 6 (2014).

¶24 Upon request from the county attorney, the clerk has the authority to issue a grand jury subpoena, if a grand jury is empaneled at the time of issuance, the county attorney designates the subpoena with the grand jury number, and the county attorney reports the issuance of the subpoena to the grand jury foreperson and the presiding judge within ten days of issuance. A.R.S. § 13-4071(C)(1)–(4). The Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings (the "Uniform Act"), codified at A.R.S. §§ 13-4091 to -4096, authorizes the

issuance of grand jury subpoenas for production of documents from another state. *See Johnson v. O'Connor*, 235 Ariz. 85, 90, ¶ 21 (App. 2014).

**¶25**        Before trial, Wadi moved to suppress the fruits of the grand jury subpoena served on Suddenlink. At the suppression hearing, the superior court heard testimony that the detective submitted grand jury subpoenas for Suddenlink to a deputy county attorney at YCAO, the attorney authorized the subpoenas via email, and the detective submitted the subpoenas to the clerk's office for signature. The clerk signed the subpoenas and the detective served the subpoenas on Suddenlink via facsimile and United States mail. Within ten days, YCAO reported the issuance of the subpoenas to the grand jury foreperson and the presiding judge, listing the number for the relevant grand jury panel. Based on this testimony, the court denied the motion to suppress.

**¶26**        Nothing from this record shows that YCAO or the detective overtly violated the requirements of A.R.S. § 13-4071 or the Uniform Act. Even if we determined otherwise, suppression would not be the remedy for statutory violations. *United States v. Donovan*, 429 U.S. 413, 432 n.22 (1977) (the exclusionary rule is meant to deter Fourth Amendment violations, not statutory violations); *United States v. Forrester*, 512 F.3d 500, 512 (9th Cir. 2008) ("suppression is a disfavored remedy" outside the context of constitutional violations).

**¶27**        Further, Wadi fails to articulate how issuance of the grand jury subpoenas violated his constitutional rights. Though citing vaguely to First Amendment principles and abuses of governmental powers, Wadi has not established how the scope of the "grand jury process" was unreasonably broad or violative of specific constitutional rights. *See United States v. Dionisio*, 410 U.S. 1, 11 (1973) (internal quotation marks omitted) (the Fourth Amendment protects only "against a grand jury subpoena duces tecum too sweeping in its terms to be regarded as reasonable."); *State v. Superior Court (Arnold)*, 125 Ariz. 370, 372 (App. 1980) (setting aside order quashing a grand jury subpoena where the appellant failed to specify a "recognized exception to a grand jury subpoena power").

**¶28**        We therefore hold the superior court acted within its discretion in refusing to suppress evidence stemming from properly issued grand jury subpoenas.

## CONCLUSION

**¶29**        Based on the foregoing reasons, we affirm Wadi's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA